H. G. DeGraw, Assignee, *vs.* James King, Sheriff.

July 8, 1881.

**Assignment for Benefit of Creditors — Want of Notarial Seal.**—An assignment for the benefit of creditors had indorsed on it a notary's certificate of its acknowledgment, signed by the notary, but with no notarial seal attached to it. Following this certificate, and on the same page, was the same notary's certificate of the assignee's acknowledgment of the execution of his acceptance of the trust. Attached to this certificate was the notary's seal. *Held*, the first certificate, for want of a seal, is a nullity, and the assignment void.

Plaintiff, as assignee of one Ramaley, brought this action in the district court for Ramsey county, to recover possession of certain personal property, which defendant had levied upon and taken into his possession under execution issued against Ramaley.

On the trial before *Simons*, J., a jury having been waived, plaintiff, to show title in himself, put in evidence an assignment for the benefit of creditors, by Ramaley to himself. This assignment was properly executed by Ramaley, but the certificate of acknowledgment, taken by a notary public, bore no notarial seal. Immediately below this defective certificate, and on the same page, followed the accept-

ance by plaintiff of the trust created by the assignment, with a certificate of acknowledgment, with a seal attached, by the same notary who made the defective one. The court found that the assignment, as the acknowledgment of it was not authenticated as required by statute, was a nullity, and ordered judgment for defendant, from which plaintiff appeals.

*S. L. Pierce,* for appellant, cited *Baze* v. *Arper,* 6 Minn. 142 (220;) *Maxwell* v. *Hartman,* 8 N. W. Rep. 103.

*Lamprey & James,* for respondent.

GILFILLAN, C. J. As found by the court below, the assignment by Ramaley to DeGraw had indorsed on it a certificate of its acknowledgment in due form, signed by a notary, but with no notarial seal attached to it. Following this certificate, on the same page, there was another certificate, by the same notary, of the acknowledgment by the assignee of the execution of his acceptance. This had the notarial seal attached. The statute, Gen. St. 1878, c. 41, § 23, requires an assignment for the benefit of creditors to be "duly acknowledged before an officer authorized by law to take acknowledgment of deeds, and the certificate of such acknowledgment be indorsed thereon;" and the assignment is void if not so acknowledged. And Gen. St. 1878, c. 26, § 3, requires each notary public to "provide himself with the proper official seal, with which he shall authenticate his official acts." The statute being imperative, the seal is essential to the authenticity and legal effect of the acts of the notary. Each act by him must be so authenticated.

We have endeavored to find some rule, either upon principle or authority, by which one seal may be held to apply to and authenticate each of several notarial acts on the same page, and thus this assignment be saved. But it is impossible. In *Olcott* v. *Tioga R. Co.,* 27 N. Y. 546, where there were two certificates, one of protest, and the other of service of notice, and but one seal, the court, with some hesitation, sustained the certificates, on the ground that the statute contemplated but one certificate, including the protest and notice, and that the two might be regarded as one. In *State* v. *Coyle,* 33 Me. 427, there were two instruments on one page, one requiring

a seal and the other not. There was one seal, which was placed after the instrument not requiring a seal, and nearer to that than the other. The court held very properly that the seal belonged to the instrument requiring one. Neither of these cases is at all like this. Here are two certificates, which ought to be separate, and cannot be regarded as one, and only one seal, and that attached to only one of them. The other certificate is a nullity.

Judgment affirmed.