# TODD *v.* THE UNION DIME SAVINGS INSTITU-TION.

*N. Y. Supreme Court, First Department, General Term ;*
*March,* 1887.

1. *Evidence; loss of seal.*] The production of the record of a deed which has since been lost, the record bearing a dash, in lieu of a seal, after the signature, —together with testimony of the recording officer that such dash is the customary mark of the office to denote that there was no seal on the instrument at the time of its record, is sufficient evidence to countervail the presumption that an instrument for which a seal was necessary and the testificandum clause of which mentioned a seal, was in fact sealed.*

2. *The same.*] In supplying extrinsic proof of the fact that an instrument was sealed, for the purpose of rendering it valid, as a conveyance of land, it must be shown that it had a seal at the time of delivery; and where the record indicates the lack of a seal and the original is lost, evidence that it had a seal at the time of acknowledgment some days previous to record, or that it had a seal some years afterward, is not sufficient even when the testificandum clause mentions a seal.

3. *Trial; form of question.*] It is not error to exclude a question which is not upon its face sufficiently clear and distinct to make it plain to the court that the answer would be competent.—So *held*, of a general question,—"What was said in regard to the matter between you and " a third person;—when various matters, some of which were not relevant to the issue, had been mentioned.

4. *Evidence ; declaration of grantor.*] Evidence of declarations made by the grantor in a deed alleged to have lacked a seal, made after being, by signing and delivering it, divested of all beneficial or substantial interest, and having parted with possession accordingly, —is not competent for the purpose of showing that it had a seal.†

---

* For this presumption see Starkweather *v.* Martin, 28 *Mich.* 471.

† In Union Dime Savings Institution *v.* Ferris, (*Supm. Ct., First Department, Special Term, November*, 1886), it was held 1, that if a fact alleged in the complaint and not denied in the answer would render the granting of any relief unnecessary, and the contrary appears by evidence on the trial, plaintiff may be allowed to amend by conforming the allegation to the proof.

Appeal from a judgment.

Plaintiff brought this action to recover back purchase money she had paid defendants on an executory contract for the purchase of real property. The contract was for the sale of a lot and premises known as No. 714 Madison avenue, and situated in the city of New York. Plaintiff

2. That an action lies against the devisee of the grantor in an intended deed which failed of validity by reason of lacking a seal at the time of delivery; to compel the execution of an effectual conveyance, especially where such deed contained a covenant for further assurance.

The cause was tried before the court, and the following opinion rendered:

LAWRENCE, J.—In Grandin v. Hernandez (29 *Hun*, 399), it was held by the general term of this department : that an instrument which was executed and delivered in the form of a deed, but which was not sealed, was not operative as a conveyance of the property, but that it conveyed or transferred to the person named as the grantee an equitable interest in the property, which would in equity entitle him to such a conveyance as would carry into effect what appeared by the informally executed instrument to be the clearly expressed intention of the parties (see opinion of DANIELS, J., at p. 401).

Upon the proofs made at the trial the plaintiff would be entitled, if Mrs. Ferris were now living, to a decree requiring her to complete the title intended to be conveyed by the instrument dated December 1, 1870. Mrs. Ferris being dead, any title which remained in her, by reason of that instrument not having operated as a conveyance, has become vested in the defendant as the residuary devisee under the provisions of her will. I see no reason, therefore, why a court of equity should not compel him to execute a conveyance in proper form to complete and perfect the plaintiff's title (see Grandin v. Hernandez, *supra ;* Wendell v. Wadsworth, 20 *Johns.* 659–662 ; National Bank of Norwalk v. Lanier, 7 *Hun*, 623).

The counsel for the defendant contends that as it is alleged in the complaint that the deed when delivered by Mrs. Ferris was duly sealed, and as that allegation is admitted by the defendant, the plaintiff on its own showing is not entitled to any relief. The proof, however, establishes that the instrument was not sealed when it was delivered ; and, if necessary, I think the plaintiff should be allowed to amend its complaint so as to conform it to the proof. Furthermore, the instrument purporting to be a deed contains the usual covenant for further assur-

sought to recover back her part payment, together with the expense of a search in relation to the title thereof, upon the ground that the defendant, the vendor, had not such title as was required by the contract and the law, to convey to the plaintiff.

The defect complained of arose from the alleged want of a seal to a paper purporting to be a deed signed by Catharine A. Ferris to Griffith Rowe of the premises in question, through which the defendant claimed to have derived the title it contracted to convey to the plaintiff.

The contract was dated December 1, 1885, and bound the defendant to execute, acknowledge and deliver to the plaintiff on December 30, 1885, a proper deed, etc.

On the trial, the record of the deed which was offered in evidence by plaintiff (the original being lost) was objected to by defendant on the ground that if plaintiff claimed that it had no seal, the law did not authorize the record of it; but the objection was overruled and the instrument was received.

The testificandum clause and signature read,—"in witness whereof, the said party of the first part has hereunto set her hand and seal the day first above written. Catharine A. Ferris.—"

The assistant deputy register who was called as a witness was asked under objection and exception :

Q. What is denoted by that mark following the name Catharine A. Ferris?

A. On the record there appears a dash, which is the customary mark made denoting there was no seal on the in-

---

ance; and as the instrument has been lost, and as it appears from the record in the register's office not to have borne a seal, I think that equity should require the defendant to execute such a conveyance as will assure the plaintiff's title, and better and more effectually vest and confirm the premises intended to be granted in and to the grantee therein named, his heirs and assigns.

There must be a decree in favor of the plaintiff as indicated in this opinion.

Todd *v.* Union Dime Savings Institution.

strument at the time of its record ; it generally takes about one month to record an instrument in the register's office ; during the whole time, from the time of its delivery for record until it is recorded, it remains in the possession of the register and the recording clerks; there are no circumstances under which instruments pass out of that office, unless by an absolute order of the court, in charge of a messenger. . . .

Cross-examination . . . Q. Do you accept for record an instrument in form as a deed when you see that it has no seal to it ? [Objection overruled and exception.]

Q. Isn't it a very common thing for instruments that are left for record in that office after they had been received by you to have the seal knocked off while in the possession of the register ? A. It is not a common thing; it has occurred to my knowledge occasionally ; where we have evidence of the dropping off, for instance, we find the seal loose in the paper, we always put it on again with mucilage ; a custom nowadays of putting on a red seal with a little wafer is a very bad thing ; frequently the seal will come off while we are examining it ; it is a rule of the office always to scrutinize the instrument to see whether there is a seal upon it, at the time it is offered for record ; if we notice that there is no seal upon it, we return it, unless it is a paper that does not require a seal.

Re-direct examination. Where a seal has been on an instrument and dropped off in the examination, it sometimes shows that there has been some mucilage, or some impression made, but not always; there is a little mucilage put on these seals which are not fit to use on an instrument, anyway."

It appeared by the testimony of Mr. J. H. V. Arnold, that on examining the title to these premises in 1874, he saw the original deed which then had a seal upon it, and it had the appearance of having been upon it from the beginning ; but, as he discovered that upon the record there was a dash

after the signature in place of seal, he required the deed to be recorded again.

The notary who took the acknowledgment of the grantor in 1871, testified that the deed was sealed at the time of signing and acknowledging. But there was no testimony respecting the delivery of the deed.

The date of the deed was December 1, 1870, the date of the certificate of the acknowledgment, January 4, 1871, the date of the record, January 9, 1871.

Upon the trial of the cause, at special term, the following opinion was rendered :

VAN BRUNT, J.—The question involved in this case is, was the deed made by Catherine A. Ferris, in 1870, sealed ?

The proof establishes that at the time of the first record of the deed that it was not sealed.

It is claimed by the defendants that the recitals in the deed, and the evidence of Mr. Post, the notary, who took the acknowledgment of Mrs. Ferris to the deed, proves that it was sealed at the time of signing and acknowledging ; but this evidence is not sufficient to show that it was sealed at the time of delivery.

If the deed was not sealed when delivery was made, which is an essential part of its execution, no title passed.

There is doubt upon this question, and as long as a reasonable doubt exists, a title is not marketable. A purchaser is entitled to a marketable title ; and even if the court in this case should hold that the evidence of Mr. Post proved that the seal was upon the deed at the time of execution, the title would not be a marketable one, as the representatives of Mrs. Ferris would not be bound by the adjudication, and, upon a new inquiry, a different result might be arrived at.

The case of Fleming *v.* Burnham, 100 *N. Y.* 1, seems to completely support the foregoing position.

[Remarks as to another subject arising in a case tried at the same time are omitted.]

Judgment must be rendered for the plaintiff, therefore, in both cases.

Defendant appealed.

*Arnoux, Ritch & Woodford*, for defendant, appellant.

*William A. Boyd*, for plaintiff, respondent.

By THE COURT.—POTTER, J.—[After stating briefly the facts.] No question is made by defendant that the contract required the defendant to be able to convey to the plaintiff a lawful title to the premises, nor is there any question made by defendant's counsel that the plaintiff has the legal right to demand a marketable title.

It has been repeatedly held that a title open to a reasonable doubt, or, if after the vendor has produced his proof of title, a reasonable doubt exists, the title is not marketable (Shriver v. Shriver, 86 *N. Y.* 575*; Fleming v. Burnham, 100 *Id.* 1†).

Nor is there contention by defendant that if there was no seal, actual or presumptive, affixed to the paper purporting to be a deed from Mrs. Ferris to Rowe at the time it was delivered, that the defendant had not the legal title.

This brings us to the consideration of the main question upon the appeal, whether the finding of the trial court that the paper purporting to be a deed was not sealed at the time of its delivery to said Rowe was correct.

We have read all the evidence contained in the case upon the question, and considered it in connection with all the presumptions arising from the circumstances, and are constrained to adopt the conclusion reached by the trial court. Without referring minutely or in detail to the evidence bearing upon that question, we think the testimony of the deputy clerk in the office where the deed was recorded, and the making the dash mark in lieu of the indications of a seal,

---

* Aff'g 12 *Weekly Dig.* 328. † Rev'g 36 *Hun*, 456.

are strongly persuasive that it had no seal upon it when left for record or when recorded. The fact that the same paper in every respect except a seal, and having the same identical attestation clause and certificate of acknowledgment, is presented for record, and recorded some three years after the first record, is highly significant.

The date of this second record is the time when the defendant was contemplating making a loan upon the premises, when Mr. Arnold, a very intelligent and careful attorney, and a witness called by the defendant upon the trial, was employed to make a search and an examination, and he declined to advise the loan or to pass the title until he had been shown the identical deed with an actual and palpable seal affixed to it and it was again recorded.

This, and other evidence, satisfy us that the paper when delivered by Mr. Ferris to Rowe, and when presented in behalf of the grantee for record, had no seal upon it, and that a seal was not placed upon it until after it was delivered and once recorded, and not until some time afterward, and probably when Mr. Rowe was desirous of obtaining a loan upon it, and the loan was refused on account of the suspicious and unsatisfactory evidence in relation to a seal.

We do not think the testimony of Mr. Pinckney or of Mr. Post have much, if any, bearing upon the question, especially the testimony of the latter, who, though he testified to the remarkable fact that, when he took the acknowledgment of the deeds of Mrs. Ferris (which were quite numerous, and the practice extended through a number of years) he noticed that there was a seal upon the instrument, nevertheless, he does not remember whether he wrote the certificate of acknowledgment or not, or what premises the deed conveyed, or who the grantee was, or what his name was, until suggested, or where the acknowledgment was taken, or who was present; and further, he does not know or does not testify whether or not Mrs. Ferris signed or sealed the paper in his presence. The learned counsel cites numerous cases

where the courts have presumed the paper bore a seal when delivered.

Such presumptions will prevail where there is not proof that the paper had no seal. But where there is proof, positive and uncontradicted, that there was no seal, the force of such presumption is too feeble to be appreciated, and the force of the presumption is weak just in the inverse ratio that the proof is strong.

And this is substantially the rule laid down by *Sugden on Powers,* and cited by the appellant's counsel,—"where the instrument is a deed, and on proper stamps, and it is stated in the attestation to have been sealed and delivered in the presence of witnesses, it will, in the absence of evidence to the contrary, be presumed to have been sealed."

We conclude, therefore, that there was no error in the finding from the evidence in the case.

The only remaining question is, whether the court erroneously excluded any evidence upon the trial upon the part of defendant, which should or could have produced a different finding.

It is contended upon the part of the appellant, that an error of that character occurred in excluding the evidence of Pinckney as to the declaration of Mrs. Ferris.

We think otherwise. Mr. Pinckney testified that in 1874, whether before or after the deed was recorded the second time in May, 1874, does not appear—he examined the title of Mrs. Ferris' property on Madison avenue, north of 63d street, with a view of her making a loan upon it, and which she did. He further testified : "I am aware of these matters of record that have been given in evidence. I can't say as to the seal. At the time that I took that mortgage I thoroughly examined the record put in evidence here. I think the time was about 1874. I may be mistaken in that."

The question—the answer to which was excluded—was, "What was said in regard to the matter between you and Mrs. Ferris?" We think the ruling was correct. The question was too indefinite for any practical purpose. No

"matter" was specified or indicated. It might have had relation to any of the matters above detailed.

It is not the business or duty of a court to surmise that the answer would be competent evidence bearing upon some issue in the case, and then strike it out if it should otherwise turn out. The duty of counsel is to ask a question plain and proper upon its face, and if it is not, then with such explanation as will make it a legitimate inquiry. It was, no doubt, clear and distinct in the counsel's mind what he proposed to prove. He should have made it so to the mind of the court. If he could suppose with any degree of certainty that it related to the seal, and if it was competent for her to speak of that, she had already said over her signature in the deed "in witness whereof she had set her hand and seal."

This was not said by her under oath, nor was what she said to the witness under oath. Repeating it would not make it any higher or stronger evidence. But it must be very clear that what she said had no relation to the premises in question. She was having an examination made as to the title of the premises on which she was about to make a loan in 1874. She could not be taking a mortgage to secure a loan about to be made by her on her own property, or on what she had sold to Rowe, who, or whose grantee, had procured a loan from the defendant upon the security of these premises in question. What she said was, after she had given at least a paper which divested her of all beneficial or substantial interest in the premises, and when she was out of the possession of them. We are not aware of any case that goes so far (Sanford *v.* Ellithorp, 95 *N. Y.* 48). The question, moreover, called for what witness said, as well as what Mrs. Ferris said, and made no discrimination. We do not think it was erroneous to overrule the question.

We are, therefore, constrained to the conclusion that the defendant's title is not a marketable title, or a title beyond a reasonable doubt; but that doubt makes it of a precarious character, as it is dependent upon the evidence of an uncertain and contradictory character. In other words, the plaintiff

would not be getting what was contracted for, but in its stead a law suit, with the chances against her success in it.

The judgment should be affirmed, with costs.

LAWRENCE, J., concurred.