EBEN THOMPSON *vs.* JOHN SCHEID.

July 3, 1888.

**Chattel Mortgage — Certificate of Acknowledgment without Seal —
Filing held Ineffectual.**—Where a chattel mortgage purports to have
been acknowledged before a notary public, but the certificate of acknowl-
edgment is not authenticated by a notarial seal, the filing of the instru-
ment is not, under Gen. St. 1878, c. 39, § 3, any notice to subsequent pur-
chasers or mortgagees in good faith.   (Following the doctrine of former
decisions.)

**Replevin — Alternative Judgment — Waiver of Judgment for Value.**
—In replevin the right of a party to an alternative judgment for the
value of the property, if a return of it cannot be obtained, is exclusively
for his own benefit.   He may waive it, and take judgment merely for the
return of the property.

**Same—Special Damages —Value of Use of Mortgaged Chattel.**—The
value of the use of personal property, as special damages for its detention,
can only be recovered by one who has a right to such use.   A mortgagee,
after default in the mortgage, has a right to the possession only for the
purpose of foreclosure or sale under the mortgage, in order to satisfy the
debt secured by it, and not for the purpose of using the property.

Appeal by defendant from an order of the municipal court of Min-
neapolis, refusing a new trial.

*F. B. Wright* and *Knappen & Wright,* for appellant.

*Robinson & Baker,* for respondent.

MITCHELL, J.   Action in replevin to recover a span of horses.   Both
parties claim through one Geibenhain; the defendant under a mort-
gage executed to Glynn & Robinson, July 8, 1886, and filed the next
day; the plaintiff under a mortgage executed August 11, 1886, and
filed the same day.   The property remained in the possession of
Geibenhain, the mortgagor, until December 18, 1886, when it was
sold under the first mortgage, and purchased at the sale by one
Jonas, who afterwards sold and delivered it to defendant.   Both mort-
gages were executed in good faith and for a valuable consideration.
When plaintiff's mortgage was executed, he had no actual notice of

the prior one, through which defendant claims. The first mortgage purported to have been acknowledged before one Coffin as notary public, but the certificate of acknowledgment was not authenticated by a notarial seal; none being, as the court finds, "attached to the signature of said Coffin on said acknowledgment." We are compelled to hold that the case must follow *De Graw* v. *King*, 28 Minn. 118, (9 N. W. Rep. 636,) and *Coleman* v. *Goodnow*, 36 Minn. 9, (29 N. W. Rep. 338.) Gen. St. 1878, c. 26, § 3, provides that each notary shall provide himself with the proper official seal, with which he shall authenticate his official acts. Gen. St. 1878, c. 39, § 3, provides that no mortgage shall be notice of any fact, as against the creditors of the mortgagor or subsequent purchasers or mortgagees in good faith, unless the same is acknowledged before some officer authorized to take the acknowledgment of deeds. The acknowledgment includes the due certificate of the fact by the officer taking the same. Without his seal, the notary's certificate is incomplete, and not properly authenticated. Hence the filing of such a mortgage would not, under the statute, be notice of any fact to a subsequent purchaser or mortgagee.

2. The complaint alleges that the value of the use of the property during the time it was in defendant's possession was the sum of $50, and that plaintiff had been damaged in that sum by the unlawful detention. Plaintiff introduced no evidence on the subject, but defendant himself proved that the use of a team was worth from four to five dollars per day. If this was enough to make out a case for plaintiff to entitle him to recover such damages, the evidence would have been just as available to him as if introduced by himself. We have held that the owner of property who is entitled to its use may recover the value of such use as special damages for its detention. *Ferguson* v. *Hogan*, 25 Minn. 135. But this applies only where the party has the right to the use. Wells, Repl. § 580; *McArthur* v. *Howett*, 72 Ill. 358. In this case the plaintiff was a mere mortgagee, whose mortgage had not been foreclosed, and in which there had been no default until the date of the commencement of the action. As mortgagee, he had the legal title, and, after default, the right to the possession of the property, but only for the purpose of foreclosure or sale under the

mortgage in order to satisfy the amount of his mortgage, $300, and about one year's interest at 6. per cent.; and this was the extent of the value of his interest in the property. He was in no position to use the property. There was nothing in either the complaint or the evidence to entitle plaintiff to recover any such special damages.

3. The complaint alleged the value of the property to be $350. This was put in issue by the denial in the answer. *German-American Bank* v. *White,* 38 Minn. 471, (38 N. W. Rep. 361.) No evidence was introduced on the subject, and hence the finding of the court that the value of the property was $350 is unsupported by the testimony. But the right to an alternative judgment for the value, in case the property itself cannot be obtained, is exclusively for the benefit of plaintiff, which he may waive if he chooses. *Stevens* v. *McMillin,* 37 Minn. 509, (35 N. W. Rep. 372;) *Morrison* v. *Austin,* 14 Wis. 601. If, therefore, plaintiff will remit his damages for the use of the property, and waive his right to an alternative judgment for its value, and consent to take judgment merely for the return of the possession, a new trial will not be necessary. *Ward* v. *Anderberg,* 36 Minn. 300, (30 N. W. Rep. 890.) The cause is therefore remanded, with instructions to the court below to grant a new trial, unless plaintiff will remit the damages for the detention of the property, and waive any judgment in the alternative for its value, and consent to take judgment merely for the return of the property and costs of suit; but, if he files such release and waiver, then to enter judgment in his favor on the findings for the return of the possession and for costs.

Ordered accordingly.