## W. C. BEARDSLEY *vs.* GEORGE J. DAY *et al.*

Submitted on brief by respondents, argued by appellant, Nov. 21, 1892.   Decided
March 13, 1893.

**Record of Deed—Seal Omitted.**

Where an instrument which the law requires to be sealed is in all respects correctly recorded except that the record does not show a copy of the seal, or any device representing it, the record will nevertheless be valid and sufficient as notice, provided the record represents on its face, in any other way, as by recitals or otherwise, that the instrument was sealed, and it was in fact duly sealed.

**Agency—Giving Blank Signature not Authority to Write a Contract over It.**

Where a tax-sale certificate was taken by an agent in his own name, in order to protect the interest of his principal, a mortgagee of the land, and he afterwards delivered the same to the grantee of the mortgagor with his blank indorsement, for the purpose of having the same surrendered and canceled, and for no other purpose, and afterwards, without his knowledge or consent, an assignment was written over his signature, purporting to transfer the same to a third party, *held*, that the assignment was void, and passed no interest.

Appeal by defendant Daniel Rohrer, from a judgment of the District Court of Nobles County, *Brown*, J., decreeing the plaintiff, W. C. Beardsley, to be the owner of the real estate in question, and that

defendants George J. Day and Daniel Rohrer have no title to or interest in it.    The facts are all stated in the opinion.

*Daniel Rohrer, pro se.*

*Geo. W. Wilson,* for respondent.

VANDERBURGH, J.    1.  On the 1st day of May, 1885, the land in controversy here was mortgaged by the owner, one Baxter, to the plaintiff, to secure the sum of $1,000.    Baxter, on May 22, 1887, conveyed the same to one Day, who thereafter, on September 27, 1890, conveyed the same premises by deed of quitclaim to the defendant Rohrer.    Prior to the last date plaintiff had foreclosed his mortgage by advertisement, pursuant to a power of sale therein contained, and bid off the premises in his own name at the foreclosure sale on the 1st day of February, 1890.    A certificate of sale, executed in due form, under the hand and seal of the sheriff, was delivered to the plaintiff, and recorded in the office of the register of deeds of the proper county on the 8th day of February, 1890.    The defendant, however, objects that the record of the instrument does not indicate the presence of the seal; that is to say, there was no attempt to copy the seal upon the record, or any device representing it.    The statute provides that such certificate shall be executed under the hand and seal of the sheriff, and "such certificate, so proved, acknowledged, and recorded, shall, upon the expiration of the time of redemption, operate as a conveyance." etc.

The defendant contends that the omission of the seal in the record is fatal; that the instrument has never been in fact recorded; and hence the time for redemption did not commence to run.    Conceding, as we must, from the language of the statute that the certificate does not become operative as a conveyance until the instrument is recorded, the first question, then, is whether the certificate was recorded so as to satisfy the requirement of the statute.    The authorities are not entirely uniform on the subject, but the more generally accepted doctrine is that the record is not vitiated or fatally defective by reason of the omission to record the seal or indicate its presence by some device or attempted description, and that it is enough that it appear from the record in any other way that the instrument is

sealed. Thus, in Sugd. Powers, *283, it is said: "Where the instrument is a deed, and properly stamped, and it is stated in the attestation clause to have been sealed and delivered in the presence of witnesses, it will, in the absence of evidence to the contrary, be presumed to have been sealed." *Todd* v. *Union Dime Sav. Inst.*, 20 Abb. N. C. 277; *Smith* v. *Dall*, 13 Cal. 510; *Geary* v. *Kansas City*, 61 Mo. 378; *Hammond* v. *Gordon*, 93 Mo. 223, (6 S. W. Rep. 93;) *Aycock* v. *Raleigh & A. A. L. R. Co.*, 89 N. C. 323; 1 Devl. Deeds, §§ 253–700; Webb, Record Titles, §§ 74–150.

The record shows that the certificate is attested as follows: "In witness whereof I have hereunto set my hand and seal this 1st day of Feby., 1892," and to have been "executed in presence of two witnesses;" and the original was in fact duly sealed.

1878 G. S. ch. 8, § 184, forbids the register of deeds recording any instrument not executed according to law, and by the statute first referred to it is made the duty of the sheriff to execute the certificate "under his hand and seal."

The presumption arising from the face of the record is further strengthened by the presumption in favor of the performance of their official duty by these officers. *Starkweather* v. *Martin*, 28 Mich. 471, 480.

We are of the opinion, therefore, not only that the certificate was properly executed, but the record was sufficient.

2. The time of redemption had expired before the commencement of this action, and plaintiff is entitled to judgment, unless defendant has acquired title to the premises by virtue of the tax title under which he claims. The proceedings culminating in the tax title in question are regular on their face. The land was purchased by one Peter Thompson, and a tax certificate of sale duly executed to him by the county auditor May 2, 1887. It is found by the court that on the 31st day of July, 1889, while George J. Day, above mentioned, was the owner of the premises, Thompson, the holder of his tax certificate, delivered the same to him, with his name indorsed thereon, and that it was so delivered to Day to enable Day to cancel the tax therein described against the land, and for no other purpose. Subsequently there was written over Thompson's signature an in-

strument of assignment purporting to transfer and assign the certificate and land therein described to the defendant Rohrer. But it is found that this writing was made without the knowledge, consent, or authority of Thompson, and that the certificate was, therefore, never assigned to Rohrer. We think this finding is clearly supported by the evidence. The testimony shows that Thompson, who was the agent of the plaintiff mortgagee in making the loan, and the partner of Day, bid off the land at the tax sale, and took the certificate in his own name for the protection of the mortgagee, and not in hostility to his interest; and on the 31st day of July, 1889, before the time of redemption had expired, at Day's request, and upon his assurance that he wanted it for the purpose of canceling the tax against the land, and with notice of the existence of plaintiff's mortgage, delivered the same to him, and Thompson had no notice of the failure to cancel the taxes, or of the existence of the assignment written over his indorsement, until after it was recorded, in November, 1890.

The indorsement of Thompson's name gave no one any implied authority to assign and transfer the certificate to the defendant, and the certificate of acknowledgment annexed was false and without warrant. It was not the case of an ordinary commercial indorsement, or of a deed or other instrument duly executed with express authority to an agent to insert the name of the grantee or purchaser. And besides, Rohrer does not deny notice, or show any superior equity, as it was incumbent on him to do, upon the facts as found, if he claims to be in any better position than Day. We discover no error in the findings, decision, or rulings of the court on the trial

Judgment affirmed.

(Opinion published 55 N. W. Rep. 46.)