JONATHAN T. GRIMES v. CHARLES I. FALL.[1]

October 19, 1900.

Nos. 11,984—(31).

**Appeal from Justice Court—Affidavit of Appeal—Official Seal.**

An affidavit on appeal from a judgment in justice court, purporting to have been made before a notary public, was not authenticated by his

[1] Reported in 83 N. W. 835.

81 M.—15

notarial seal. *Held*, that the affidavit was incomplete and inoperative, and could not be amended by affixing the official seal after the time for appealing had expired. *Held*, further, that the appeal was rightly dismissed.

Appeal by defendant and Alvord C. Egleston, surety on his bond on appeal from a judgment of a justice of the peace, from a judgment of the district court for Hennepin county in favor of plaintiff and against defendant and said surety, entered pursuant to the order of Pond, J. Affirmed.

*Alvord C. Egelston*, for appellants.

*George S. Grimes*, for respondent.

START, C. J.

This action originated in justice court, which found that the defendant had actually injured the plaintiff's property in the sum of $25, and that such injury was wilful, and therefore the plaintiff was entitled to treble damages. Accordingly judgment for $75 damages and costs was entered against the defendant, in all $82.15. Thereupon the defendant attempted to appeal to the district court of the county of Hennepin, and complied with all the statutory requirements necessary to effect a valid appeal, except that the affidavit of appeal, which purported to have been sworn to before a notary public, was not authenticated by his notarial seal. The justice allowed the appeal, and made return to the district court, and the clerk thereof placed the cause on the November, 1899, term calendar, and, pursuant to a rule of that court, set the trial of the action for December 15, 1899.

On the first day of the term, and on November 6, 1899, the plaintiff moved the district court to dismiss the appeal, on the ground that no proper affidavit of appeal had ever been filed. The defendant, in response to the motion, appeared specially, and opposed the hearing of the motion because no previous notice thereof had been given to him. His objection was overruled, to which ruling he excepted. The hearing of the motion was continued from the opening day of the term to November 29, 1899, at which time it was heard, both parties appearing. On the same day the defendant duly moved the court for an order permitting the notary public, who was

present in court, to then and there affix his official seal to the affidavit. This motion was denied, and the motion to dismiss the appeal was granted, with $10 costs of motion. Judgment was then entered against the defendant and his surety on the appeal bond in the district court for the amount of the judgment in the justice court and $22.88 costs and disbursements in the district court, in all $105.95. The defendant and his surety, Alvord C. Egelston, appealed to this court from the judgment.

The real question on this appeal is whether the defendant made and filed an affidavit of appeal in the justice court within the time and as required by law. The affidavit was complete in all respects, except that by inadvertence the notary omitted to affix his seal to the jurat. Was this omission fatal to the appeal? We regret that we must answer the question in the affirmative. The filing of a proper affidavit on appeal with the justice within ten days is jurisdictional, and it cannot be amended after the time for appeal has expired. G. S. 1894, § 5068; Stolt v. Chicago, M. & St. P. Ry. Co., 49 Minn. 353, 51 N. W. 1103. Such affidavit must appear on its face to have been made before a proper officer. Knight v. Elliott, 22 Minn. 551. The acts of a notary public must be authenticated with his official seal. G. S. 1894, § 2270. Hence an affidavit purporting to have been made before a notary public, but not authenticated by his official seal, is not complete on its face, because without the seal it lacks the essential evidence of authenticity. De Graw v. King, 28 Minn. 118, 9 N. W. 636; Thompson v. Scheid, 39 Minn. 102, 38 N. W. 801; Colman v. Goodnow, 36 Minn. 9, 29 N. W. 338. The defendant seeks to distinguish these cases from the one at bar, but, on principle, they are the same.

He also urges that the court erred in not permitting the jurat of the affidavit to be amended by affixing thereto the notarial seal, because the jurat, as he claims, is not any part of the body of the affidavit. While this is technically correct, yet an affidavit is not complete or operative without a jurat, although it may be so without the signature of the party making it. Norton v. Hauge, 47 Minn. 405, 50 N. W. 368. Now, the affidavit in question, lacking the notarial seal to the jurat, lacked the essential evidence of authen-

ticity when it was filed, and so remained until after the time in which an affidavit could be filed for the purpose of taking an appeal. It was incomplete and inoperative as an affidavit. Therefore no appeal, in fact or law, was ever taken. To permit the jurat to be amended by affixing the official seal of the notary would be, in legal effect, to permit the defendant to perfect his appeal after the expiration of the time in which an appeal could be taken. It follows that the trial court rightly refused to allow the amendment, and that it had no alternative, under the decisions of this court, except to dismiss the appeal.

The defendant further urged that the court erred in hearing the motion without previous notice. The notice seems to have been given on the call of the calendar on the first day of the term, and the court fixed a time and place for hearing it. This, notwithstanding the clerk had pursuant to a rule of court set the trial of the case for a day certain, was, as we understand it, in accordance with the usual practice in the district courts of the state. However this may be, it conclusively appears that the defendant was not prejudiced by the action of the court in overruling his objections to hearing the motion; for, as a matter of law, the court had no jurisdiction of the action, and might have dismissed it on its own motion.

It follows that the judgment of the district court must be affirmed, but, in view of the special facts of this case which show a miscarriage of justice, no statutory costs ought to be allowed in this court. So ordered.