## K. E. HODGE v. ALBERT ANDERSON AND OTHERS.[1]

December 5, 1924.

No. 24,220.

**Seal of notary essential to verification.**
1. A notary's official seal is essential to a verification of a mechanic's lien statement.

**Evidence that mechanic's lien statement did not bear seal.**
2. The evidence sustains the trial court's finding that a mechanic's lien statement did not bear the seal of the notary when recorded.

[1]Reported in 201 N. W. 603.

Action in the district court for Hennepin county by K. E. Hodge, doing business as K. E. Hodge & Company, to foreclose a mechanic's lien. The case was tried before Bardwell, J., who found that Landers-Morrison-Christenson Company was entitled to a personal judgment of $2,428.96, but that the company was not entitled to a lien against the premises. From an order denying its motion for a new trial, that company appealed. Affirmed.

*James C. Melville*, for appellant.

*Josiah E. Brill, Samuel H. Maslon* and *Baldwin Schroeder*, for respondents.

DIBELL, J.

Action to foreclose a mechanic's lien. The defendant Landers-Morrison-Christenson Company was denied a lien. It appeals from the order denying its motion for a new trial.

1. The defendant was denied a lien because the notary's certificate to the verification of the recorded lien statement bore no notarial seal. The statute requires that the lien "statement shall be made by or at the instance of the lien claimant, be verified by the oath of some person shown by such verification to have knowledge of the facts stated," etc. G. S. 1913, § 7026.

G. S. 1913, § 5710, provides that "every notary shall provide himself with an official seal with which he shall authenticate his official acts."

A notary's certificate must be authenticated by his official seal. DeGraw v. King, 28 Minn. 118, 9 N. W. 636; Thompson v. Scheid, 39 Minn. 102, 38 N. W. 801, 12 Am. St. 619; Grimes v. Fall, 81 Minn. 225, 83 N. W. 835. The requirement of an official seal in authentication of official acts is general. 20 R. C. L. p. 328, § 5; 29 Cyc. 1094. The statute for reasons of policy makes the requirement and courts cannot dispense with it. So where a register of deeds failed to attach his seal to a verification of a lien statement the lien was invalid. Colman v. Goodnow, 36 Minn. 9, 29 N. W. 338, 1 Am. St. 632.

2. The lien statement, produced at the trial, bore a seal. The recorded statement did not have or recite one. There was testi-

mony of those connected with the register of deeds' office indicating an absence of a seal when the statement was recorded. The notary swore that he administered the oath; that to the best of his belief the seal was on when the statement was recorded; and that it was in his possession since it was returned from the register's office. Whether the seal was attached was a question of fact.

It is claimed by the defendant, and perhaps assumed by all, that if a seal was in fact attached the statement was valid. The defendant cites Beardsley v. Day, 52 Minn. 451, 55 N. W. 46, where the deed recited the affixing of the private seal of the grantor, it was in fact affixed but not recorded, and the record was held notice. That case is different. The question of the effect if the notary's seal if attached to the original instrument but not recorded is not before us, has had no consideration, and no opinion is intimated.

Order affirmed.