## JOHN KNIGHT *vs.* JOHN ELLIOTT.

### April 25, 1876.

Appeal from Justice of the Peace—Affidavit.—An affidavit filed to bring an appeal from the judgment of a justice of the peace must appear on its face to have been taken before a proper officer.

Plaintiff recovered judgment against defendant in a justice's court in Wright county. The defendant undertook to appeal therefrom. The justice having refused to allow the appeal and make a return, the defendant made a motion in the district court for Wright county, before *Vanderburgh*, J., that the justice be required to make a return on the appeal. At the hearing of the motion it appeared that the paper filed with the justice as an affidavit for appeal had the following jurat: "Subscribed and sworn to before me on this 22d day of October, A. D. 1874. William L. Van Eman." It appeared by affidavit read in support of the motion that at the date of the jurat Van Eman was a justice of the peace for Wright county. The motion was denied, and from the order denying it the defendant appealed to this court.

*Fish & Van Eman*, for appellant.

*E. H. Farnham*, for respondent.

GILFILLAN, C. J. According to the decision of this court in *McFarland* v. *Butler*, 11 Minn. 72, the filing of an affidavit by a party appealing from the judgment of a justice of the peace is essential to give the appellate court jurisdiction. In this case the paper filed had a regular jurat, but there was no official designation to the name of the person before whom it purported to have been sworn. There may be cases where such a defect can be supplied by other proof, as in *State* v. *Green*, 3 Green, (N. J.,) 88, where the question was whether certain officers had duly qualified, and the written oath produced had no official desig-

nation of the person before whom it was taken, and the court allowed extraneous proof of the official character. The court, referring to a different holding of their court as to affidavits to be used as evidence on the trial of a cause, or as the foundation for some motion or proceeding in court, says: "Affidavits are very different from official or promissory oaths, which are not at all in the nature of evidence. An affidavit, when offered to be read in evidence, must appear upon the face of it to be what an affidavit ought to be, to entitle it to be read. It must appear to have been taken before the proper officer, and in compliance with all legal requirements." And especially this requirement should be complied with when the affidavit is to be presented to an officer for his immediate action upon it, and when he has no other means but the paper itself to determine its character. The affidavit filed with a justice to bring an appeal should be complete on its face.

Order affirmed.