JOHN BANDY *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

May 25, 1885.

Appeal from Justice of the Peace—Affidavit—Jurat.—If it appears upon the face of an affidavit that the person subscribing the jurat was a proper officer to take the affidavit, it is sufficient, though the official designation be not affixed to such subscription.

Plaintiff recovered a judgment before M. M. Shields, justice of the peace for Scott county, from which judgment defendant appealed to the district court. A motion to dismiss the appeal because of defect in the affidavit for appeal was denied by *Macdonald*, J., and a trial was had, and judgment of dismissal entered, from which plaintiff appeals.

*R. H. McClelland*, for appellant, cited *Knight* v. *Elliott*, 22 Minn. 551; *McFarland* v. *Butler*, 11 Minn. 42, (72;) *Larrabee* v. *Morrison*, 15 Minn. 151, (196;) *Evangelical*, etc., *Gemeinde* v. *Koehler*, 59 Wis. 650; *Morris* v. *Brewster*, 60 Wis. 229.

*Lorin Cray*, for respondent.

GILFILLAN, C. J.[1] The affidavit for the appeal from the justice was entitled, "State of Minnesota, County of Scott. In Justice's Court, before M. M. Shields, Esq., Justice. *John Bandy* v. *The Chicago, St. Paul, Minneapolis & Omaha Railway Company*." "State of Minnesota, County of Scott—*ss*." The jurat was, "Subscribed and sworn to be-

---

[1] Berry J., was absent and took no part in this case.

fore me on this fourteenth day of March, 1884." "M. M. SHIELDS." Appellant claims that this is bad because there is no official designation affixed to the name (M. M. Shields) subscribed to the jurat, and in support of his claim relies on *Knight* v. *Elliott*, 22 Minn. 551, where the court approved the proposition, that, generally, an affidavit "must appear upon the face of it to be what an affidavit ought to be, to entitle it to be read. It must appear to have been taken before the proper officer." But if the proper official character appears upon the face of the affidavit, it is immaterial in what part of it. It may, and usually does, appear by the official designation being affixed to the signature subscribed to the jurat; but it may also be stated elsewhere in the affidavit, and if it appears anywhere on the face of the paper that the person before whom it was sworn was an officer authorized to take affidavits, it is sufficient. From identity of name it is presumed that the person subscribing this jurat was the same person described in the entitling of the affidavit as the justice before whom the cause was pending. The affidavit was therefore sufficient. In *Knight* v. *Elliott* it did not appear from any part of the affidavit that the person who subscribed the jurat was an officer.

Judgment affirmed.