CHARLES L. COLMAN vs. CHARLES C. GOODNOW and others.

October 6, 1886.

**Mechanic's Lien—Material for Building—Transfer of Title—Estoppel.**
The plaintiff furnished materials for a building, erected by defendants on a designated village lot, in pursuance of a contract by them jointly entered into with him. The title to the lot was in the meantime in a third party, and, shortly prior to the completion of the building, one of the defendants transferred his interest to the others, and the title to the lot was thereupon conveyed to the latter. *Held*, that plaintiff was entitled to enforce a lien for the amount of his claim against the building and lot, and that the defendants were estopped to deny title and ownership therein.

**Same—Account—Jurat without Seal.**—In order to perfect his lien, the material-man must file a duly-verified account thereof within the statutory time; and where such account purported to be sworn to before the register of deeds, but was not properly attested by his seal, so as to entitle it to be recorded within the time limited, *held*, that it was insufficient to preserve and continue the lien.

Appeal by plaintiff from a judgment of the district court for Pipestone county, where the action (which was brought to enforce a lien for material) was tried by *Severance*, J., without a jury.

*Andrew C. Dunn*, for appellant.

*Daniel Rohrer*, for respondents.

VANDERBURGH, J. The plaintiff furnished material for the erection of the building mentioned in the complaint, under the contract with the defendants as therein alleged. The last of the materials for and used in the erection of such building under the contract with defendants was furnished on or about December 16, 1880.

By the terms of the contract the building was to be erected for the defendants on the village lot described in the complaint, and it was accordingly so erected thereon by them. The building was commenced in October, 1880, and they were in the actual possession of the premises, and were jointly interested in the contract and building, until the 23rd day of November following, when the defendant Craig sold

and transferred his interest to the defendant Goodnow, who went on and completed the building. At the time the contract was made they had not acquired title to the land, but the same was owned by one Pease, who conveyed the same to the defendant Goodnow at the date last mentioned. Whether the defendants before this time were in possession of the premises under a contract with Pease is not found. It does not appear that they were trespassers, and it will be presumed, the contrary not appearing, that they were rightfully in possession, and had some right upon or interest in the land sufficient to uphold a lien upon the building. Phil. Mech. Liens, § 187. The lien extends to the joint and several interests in the building and land of the persons who jointly ordered or contracted for the materials furnished for the building. It is immaterial, therefore, that Craig transferred his interest to Goodnow; and as the question of the validity of the title is not in issue, in the absence of any adverse claims, it is also immaterial that the defendant Goodnow acquired the legal title after the lumber had been partly furnished.

The acquisition of the legal title by Goodnow united in him the ownership of the house and lot, and the lien rests upon his interest in both, and he is not permitted to defeat it by setting up title in a third person previous to that date. The lien is continuing, and binds the whole estate or interest of the debtor in the building and lot on which it stands. Gen. St. 1878, c. 90, §§ 7, 10. The plaintiff is therefore entitled to judgment as prayed in his complaint, if his lien is otherwise valid.

2. The time for filing a lien upon the premises for the indebtedness referred to expired December 16, 1881. Defendants claim that the proof fails to show that a properly verified account and claim for a lien was filed within that time. A paper purporting to be such claim was filed in the office of the register of deeds on June 25, 1881. The writing also purported to be sworn to before the register, C. W. Fenlason, but the signature of the officer was not authenticated by his official seal. It was received in evidence by the trial court, which finds that at the time of the trial, October, 1882, "there was an impression of the seal of the register of deeds immediately at the left of the name of C. W. Fenlason, signed to the jurat of the affidavit, but

such impression was made and placed there subsequently to the fifth day of August, 1881, and before the trial, but by whom does not appear, but that when C. W. Fenlason signed the jurat he used no seal at all in the execution of it;" and it is not shown that the instrument was so authenticated by the seal within the time allowed by law.

The court below found the lien invalid, and we see no way of escape from arriving at the same conclusion. The statute requires the register to affix his seal to all documents requiring his official signature. A special exception is made in the case of certificates indorsed on recorded instruments. Gen. St. 1878, *c.* 8, §§ 186, 188. But certificates of acknowledgment, and affidavits taken and sworn to before him, must, it will be seen, be so authenticated. We cannot regard the statute as merely directory. Registers of deeds were empowered to administer oaths and take acknowledgments by the act of March 1, 1856, and by the same act were directed to provide seals with which to authenticate their official signatures. Whether this should be so required was for the legislature to determine, and the courts are obliged to give effect to the statutory provision. *De Graw* v. *King*, 28 Minn. 118, (9 N. W. Rep. 636.) His authority to take acknowledgments and affidavits is purely statutory, and the directions of the statute must be followed. The affidavit was therefore incomplete and not properly authenticated when filed and recorded, and, in order to preserve the lien, it was necessary that the account and claim should be properly verified and duly filed within the required period. *Knight* v. *Elliott*, 22 Minn. 551. The defect could not be supplied by proof. The paper as verified must be complete in itself, and appear on its face to be what it ought to be, to entitle it to be recorded, and to make it evidence. Id. 552.

The respondent is entitled to raise the objection to the insufficiency of this paper to warrant a judgment other than rendered, notwithstanding it was received in evidence against his objection. Had it been ruled out, plaintiff would have failed for that reason. As it was received and made part of the record and findings, the defendants may still insist upon its insufficiency to sustain plaintiff's claim for a lien, and that the conclusion of law and decision of the court refusing such lien are supported by the record.

We regret that the case must turn on this point, but we see no way of avoiding it.

Judgment affirmed