ARCHIBALD G. LINDSAY AND PATRICK M. GAMBLE v. ROBERT HUTH ET AL.

*Mechanics' lien—Notice—Verification.*

Failure to verify a notice of lien filed under section 3 of Act No. 270, Laws of 1887, is fatal to proceedings thereafter had for its enforcement.

Appeal from Wayne.     (Brevoort, J.)     Argued April 12, 1889.     Decided April 24, 1889.

Proceedings under mechanics' lien law of 1887.     Defendants appeal.     Reversed.     The facts are stated in the opinion.

*Charles Flowers,* for appellants Huth and Knickrhem.

*William J. Gray,* for appellant Stanton.

*James H. Pound,* for plaintiffs.

CAMPBELL, J.     Plaintiffs brought proceedings under the statute of 1887 to establish a lien on certain property for the value of lumber claimed to have been sold to

Knickrhem and put into a building on the premises. The case presents a number of serious errors, but, as there is a fatal defect underlying the whole action, we need refer to no more.

The notice of lien filed with the register has no verification of any kind. The statute positively requires the notice to be verified, and it cannot be held directory.[1] When a person can create a cloud on title by *ex parte* action, he must at least comply with every statutory condition, and the verification was designed to secure good faith in the attempt to set up a lien, and to prevent such notices from being filed without being protected against malicious and unfounded assertion. Such a lien, when once filed, must have the effect of preventing the property from sale or other use until the validity of it is determined, and it might be made a means of serious mischief, unless carefully guarded. As there was no valid notice of lien filed, there was nothing to authorize this action.

The judgment must be reversed, with costs of both courts, as there is no basis for a new trial

CHAMPLIN and MORSE, JJ., concurred.

---

[1] Act No. 270, Laws of 1887, section 3.