## Michael C. McDonald *et al.*

*v.*

## George D. Rosengarten *et al.*

*Filed at Ottawa June 12, 1890.*

1. Mechanic's lien—*time of performance—as an element in creating the lien—as to express and implied contracts.* No lien is created by the statute under an express contract, if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof, or the time of payment is beyond one year from the time stipulated for the completion thereof. If the contract is implied, the work must be done or the materials furnished within one year from the commencement of the work or the delivery of the materials. No lien can be enforced unless the work, etc., is to be completed as required by the statute.

2. Same—*statement of claim—time of filing same—requisites, etc.—as against other creditors or incumbrancers.* In order to enforce the lien as against any other creditor or incumbrancer, the party claiming the lien must file in the circuit clerk's office, within four months after the last payment shall become due, a just and true statement, account or demand due him, after allowing all credits, setting forth the times when such materials were furnished or labor performed, etc., verified by affidavit.

3. The purpose of requiring the claim to set forth "the times when such materials were furnished or labor performed," is to enable those interested to know, from the claim itself, that it is such that can be enforced, and the verification by affidavit is required as a guaranty of the truth of the claim.

4. Same—*amendment of statement of claim.* Any amendment to the statement of claim would have to be attached to the original, and filed within the time provided in section 28 for the filing of the original. The language of that section is imperative.

5. Same—*abstract of claim by clerk—and entry thereof—office of such entry.* The provisions of section 53 of the chapter of the Revised Statutes relating to liens, requiring the clerk to make an abstract of the claim in a book kept for that purpose, and properly indexed, containing the name of the person filing the lien, the amount of the lien, the date of filing, the name of the person against whom the lien is filed, and a description of the property charged with the lien, was not intended to take the place entirely of the claim itself, and constitute the only notice required. The only purpose of section 53 is to furnish a convenient and ample reference to the claim.

6. Same—*affidavit of claim—sufficiency.* To a claim filed for a mechanic's lien was attached this affidavit: "F. A. W., being duly sworn, says he is the authorized agent for Hall Steam and Power Pump Company; that said company has performed the labor and furnished the materials set forth in the above statement of claim for a lien, and there is now due said company from John E. Burton, for said labor and materials, after allowing all credits and set-offs, the sum of $175, which affiant charges and alleges is a lien upon the said above described premises:" *Held,* that the affidavit was no verification of the statement of the claim.

7. The affidavit may all be true, and yet the claimant be not entitled to any lien, as it fails to give any time. It should have been that the statement of the claim was true, it being required to state the time when the material was furnished, etc. The affidavit being defective, the claimant was not entitled to the lien sought.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. WOOLFOLK & BROWNING, for the appellants:

As to the form of verification, if the statute does not prescribe it, or the general import of it, the better practice is, to annex a declaration under oath, to the effect that the facts stated are true; but a claim signed by the claimant, with the informal certificate, "sworn to," annexed, is sufficient. Jones on Liens, sec. 1452; *Gray* v. *Voorhis,* 8 Hun, 612; *Laswell* v. *Presbyterian Church,* 46 Mo. 279; *Leatherage* v. *Woods,* 37 Kan. 59.

Our courts have repeatedly held that technical objections to affidavits will be disregarded, even when their form is prescribed by law, and that a substantial compliance with the statute is all that is required. *Castle* v. *Judson,* 17 Ill. 381; *Wilborn* v. *Blackstone,* 41 id. 264; *Railroad Co.* v. *Bank,* 82 id. 493; *Brown* v. *Story,* 4 Metc. 318; Houck on Mechanic's Liens, sec. 68; Jones on Liens, secs. 1404, 1407.

As to the construction of mechanic's liens by our courts, see Phillips on Mechanic's Liens, sec. 16; *Brady* v. *Anderson,* 24 Ill. 111; *Phillips* v. *Stone,* 25 id. 77; *Rothgerber* v. *Dupuy,*

64 id. 452; *Huntington* v. *Burton,* id. 503; *Canisius* v. *Merrill,* 65 id. 67; *Stephens* v. *Holmes,* 64 id. 336; Sergeant on Mechanic's Lien Law, 37.

Mr. James E. Monroe, and Mr. Ira J. Geer, for the appellees:

The claims for liens are bad for two reasons: First, they are not verified by affidavit; and second, they do not set out the times, particulars, details or items of the demand. As to the affidavit, see Phillips on Mechanic's Liens, sec. 366; *Conklin* v. *Wood,* 3 S. D. Smith, 662; *Keller* v. *Houlihan,* 32 Minn. 486; *Rugg* v. *Hoover,* 38 id. 404; *Meyer* v. *Burtandi,* 39 id. 438; *Heutig* v. *Sperry,* 38 Kan. 459.

The claim for a lien must be strictly pursued, and all ambiguities in it shall operate against the claimant. *Wade* v. *Reitz,* 18 Ind. 307; *Goss* v. *Strelitz,* 54 Cal. 640.

The dates of the items of the claim should be so stated as to enable parties interested to discover during what period the labor was done and the materials furnished. 2 Jones on Liens, sec. 1407.

When the statute requires the claim to state the time of doing the work or furnishing the materials, the claim must give the period during which the work was done and the materials delivered, or the lien will be defeated. *Rush* v. *Able,* 90 Pa. St. 153; *Valentine* v. *Rawson,* 57 Iowa, 179.

Not one of the claims in question shows the time during which the work was done or materials furnished, and every one, for that reason, is insufficient. The most that is shown, in any case, is the time when the work was completed. This is not sufficient. Phillips on Mechanic's Liens, sec. 359; *Lynch* v. *Feigle,* 11 Phil. 247.

Statutes which require the filing of a true account of the work done or materials furnished, necessarily imply an itemized or detailed statement of the transactions which are the foundation of the lien. 2 Jones on Liens, sec. 1417.

Mr. Justice Scholfield delivered the opinion of the Court:

The contest, here, is between parties claiming under a trust deed, on one side, and other parties claiming mechanics' liens, on the other side. The question to be determined is, whether the claims for mechanics' liens are made out and verified, so as to entitle them to be enforced, under the statute, as against creditors or incumbrancers.

The first section of the act entitled "Liens," provides, "that any person who shall, by contract, express or implied, or partly expressed and partly implied, with the owner of any lot or piece of land, furnish labor or materials, or services as an architect or superintendent, in building  *  *  * any house, *  *  * shall have a lien," etc. And the third section provides: "When the contract is expressed, no lien shall be created, under this act, if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof, or the time of payment beyond one year from the time stipulated for the completion thereof. If the work is done or materials are furnished under an implied contract, no lien shall be had, by virtue of this act, unless the work shall be done or materials be furnished within one year from the commencement of the work or the delivery of the materials." (Rev. Stat. 1874, chap. 82, p. 665.) Time is therefore an indispensable element to be considered in the enforcement of any lien under the statute, and no lien can be enforced disregarding the terms of the statute in that respect. *Beasley* v. *Webster,* 64 Ill. 458; *Powell* v. *Webber,* 79 id. 134; *Belanger* v. *Hersey,* 90 id. 70.

Sections 4 and 28 of the act, as amended by an act approved May 31, 1887, read as follows:

"Sec. 4. Every creditor or contractor who wishes to avail himself of the provisions of this act, shall file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated,

a just and true statement or account or demand due him, after allowing all credits, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit."

"Sec. 28. No creditor shall be allowed to enforce a lien created under the provisions of this act, as against or to the prejudice of any other creditor or incumbrancer or purchaser, unless a claim for a lien shall have been filed with the clerk of the circuit court, as provided in section 4 of this act, within four months after the last payment shall have become due and payable. Suit shall be commenced within two years after filing such claim with the clerk of the circuit court, or the lien shall be vacated." Pub. Laws of 1887, p. 219.

The purpose of requiring the claim to set forth "the times when such material was furnished or labor performed," is, obviously, to enable those interested to know, from the claim itself, that it is such as can be enforced, and the verification by affidavit is required as a guaranty of the claim in this as in other respects,—and all this is, by section 28, indispensable to the enforcement of the lien against creditors and incumbrancers.

The following affidavit, appended to the claim of the Hall Steam and Power Pump Company, is, so far as the statement of performance, a copy of the affidavit appended to each of the other claims, and there is no other verification of any of the claims, to-wit:

"Frederick A. Walker, being duly sworn, says he is the duly authorized agent for Hall Steam and Power Pump Company; that said company has performed the labor and furnished the materials set forth in the above statement of claim for a lien, and there is now due said company from John E. Burton, for said labor and materials, after allowing all credits and set-offs, the sum of $175, which affiant charges and alleges is a lien upon the said above described premises."

Clearly, this is no verification of the statement of claim. Verification, in this connection, plainly means, certifying that the statement as made is true. (See Bouvier's Law Dic. title "Verification;" Webster's Unabridged Dic. title "Verify.") Instead of this being, as required by section 4, *supra*, a statement verified by an affidavit, it is merely an affidavit that the claimant "has performed the labor and furnished the materials," not *as* set forth, but, simply, "set forth in the above statement of claim," etc., and so may be true, whether the time when was such that the lien can not be enforced or that it can be enforced, since "performing labor or furnishing materials" are acts, merely, and mentioning them, only, is not descriptive, or suggestive of any particular time. (Phillips on Mechanics' Liens, sec. 366 ; *Keller* v. *Hanlihan*, 32 Minn. 486.) We agree with the Appellate Court that the claims are not verified as required by the act, and not being thus verified, (sec. 28, *supra*,) prohibits the enforcement of the lien. See, also, *Conklin* v. *Wood*, 3 E. D. Smith, 662.

But counsel contend, that because it is required in section 53 of the amendatory act of 1887, that the clerk shall make an abstract of the claim in a book kept for that purpose, and properly indexed, containing the name of the person filing the lien, the amount of the lien, the date of filing, the name of the person against whom the lien is filed, and a description of the property charged with the lien, it is intended this shall take the place entirely of the claim itself, and is all the notice intended to be given the public. But this entirely ignores the provisions of section 28 of the same act, which, it has been seen, prohibits the enforcement of the lien, to the prejudice of any other creditor, incumbrancer or purchaser, "unless a claim for a lien shall have been filed with the clerk of the circuit court, as provided by section 4" of that act. It is evident that the only purpose of the requirement of section 53 is to furnish a convenient and ample reference to the claim.

Nor do we think the claims are in anywise aided by aver-
ments in the cross-bill. The language of section 28 is imper-
ative. Any amendment would have to be attached to the
original, and filed within the time provided in that section for
the filing of the original. See, also, 2 Jones on Liens, sec.
1453,-*et seq.*, and authorities there cited.

An objection was urged in the argument in the Appellate
Court, but it is not repeated here, to the effect that the statute
does not apply to liens existing prior to the contracts under
which the mechanics' liens are claimed. It has been ruled
otherwise in *Shæffer* v. *Weed*, 3 Gilm. 511, and *Rietz* v. *Coyer*,
83 Ill. 29.

We find no error in the ruling below. The judgment is
affirmed.                              *Judgment affirmed.*

CRAIG and SHOPE, JJ., dissenting.