JOSEPH HICKEY *vs.* J. FRANK COLLOM and others.

December 24, 1891.

Vendor and Purchaser—Agreement that Purchaser shall Build — Mechanic's Lien on Vendor's Interest.—Where a contract for the sale of land contains a covenant for the erection of a building on the premises as a part of the consideration and inducement for the contract, and the vendor is authorized, upon the default of the vendee, to cancel the contract and resume possession, *held*, that a material-man who has furnished building materials for such building under a contract with the vendor, while the same is in process of erection, and while the vendee is in possession under the contract, is entitled to a lien therefor on the property, including the interest of both vendor and vendee, for the material so furnished, whether it has all been actually used in the building at the time the vendee makes default or not; and, where the vendor is thus made liable for material furnished on the credit of the property, he is entitled to the benefit of it, as against the creditors of the vendee.

Mechanic's Lien—Requisites of Affidavit Taken in Another State.— An affidavit verifying an account for a lien, taken in another state to be used in this state, must be properly authenticated, and show on its face the official character of the officer before whom it is sworn to, and his authority to administer oaths.

Appeal by defendant John T. Blaisdell (impleaded with J. Frank Collom and others) from a judgment of the district court for Hennepin county, entered on the decision of *Hooker*, J., in an action by plaintiff to enforce a mechanic's lien, establishing a lien to the amount of $1,317.99 in favor of defendant Joseph H. Brinton, and a lien to the amount of $1,4C4 in favor of defendants James H. and E. F. Drake, partners as the Drake Company, upon the interests of both Blaisdell and Collom in certain real estate in Minneapolis.

*Brooks & Hendrix*, for appellant.

*F. W. Zollman*, for respondent Brinton.

*Young & Lightner*, for respondents Drake.

VANDERBURGH, J. In October, 1887, the defendant Collom bargained with the defendant Blaisdell for the purchase of certain lots mentioned in the complaint, and he entered into a written contract with him, in and by which he agreed to pay therefor the sum of $23,000 within three years from the date of the contract, and to commence at once the construction of a stone and brick dwelling thereon, 50x70 feet, at a cost of not less than $20,000. Blaisdell on his part agreed to execute to Collom a warranty deed of the lots upon the completion of the building and payment of the purchase-money, or the execution of a mortgage for the purchase-money in case it was not paid, and, in case of default on Collom's part, possession of the premises was to be surrendered to Blaisdell, and the agreement to be cancelled, time being made essential. Collom entered into possession under the contract, and commenced the erection of the house as agreed. And about the 1st of May, 1889, the defendants James H. Drake and E. F. Drake made an agreement with him to furnish a certain quantity of cut stone to be used in the erection of the dwelling-house referred to; and between the last date and the 19th day of July, 1889, they furnished and delivered to him the stone so contracted for in fulfilment of their contract, the contract price and value of which is found to be $1,282. The stone was all placed on the lots where the dwelling-house was in process of erection, and a portion of it, to the value of $430, was actually set and used in the building. The work ceased on the building in August, 1889, and work thereon was not resumed, and it remains un-

finished, and the rest of the stone not yet used therein has since remained upon the premises. Collom became insolvent, and assigned his property, and defendant Blaisdell is entitled to the possession of the premises under the contract. The stone was furnished under the contract, and in pursuance thereof, with the consent of Blaisdell, while Collom was still in possession prosecuting the erection of the building. It was so furnished for the erection of the building, within the meaning of the lien law then in force. It was one entire contract, and the defendants Drake were obliged to file their verified account under the statute within one year from the date of the completion of their contract,—that is to say, after the delivery of the last items of stone furnished; and the account so filed operated as a lien from the time of the commencement of the delivery thereof under the contract.

The appellant Blaisdell does not dispute that the lien attached to and bound the interest of Collom, but denies that his title and interest in the lots are bound thereby, and, in any event, not for the stone delivered and remaining unused on the lot. But his contract with Collom expressly authorized and required the erection of the building upon the lots, and the contracts made by the latter were in pursuance thereof; and the enhanced security which the former would thereby derive for the purchase price was part of the consideration and inducement for the execution of the contract by him. And upon the authority of *Hill* v. *Gill*, 40 Minn. 441, (42 N. W. Rep. 294,) material-men were entitled to rely upon the security of the legal as well as the equitable title. If Collom were to complete the contract and be entitled to a conveyance, Blaisdell is not concerned as to the liens; and, if he resumed the possession by reason of Collom's default, he would be entitled to the improvements, and must take the premises *cum onere.* When he entered into his contract with Collom he must be deemed to have contemplated such contingencies, and to have taken the risk of having an unfinished building on his hands in case of Collom's default. Embarrassing questions will necessarily arise in such cases. But it seems clear, upon the facts of this case, that the court did not err in adjudging the respondents Drake Bros. entitled to a lien upon the land, and not merely upon the equitable in-

terest of Collom therein, for the whole amount of the material furnished under their contract. As respects Blaisdell's liabilities and rights, it was not then material whether the stone furnished had actually become attached to the freehold. By virtue of the contracts referred to, the material furnished may be deemed to have been furnished upon the credit of the property; and, as respects the property, Blaisdell, as the owner of it, is liable for such material, and by virtue of such liability becomes entitled to it, as against the creditors of Collom, whether it had actually been used in the building or not when the lien accrued and Collom defaulted. *White* v. *Miller*, 18 Pa. St. 52. It is clear that, if Blaisdell is obliged to pay for it, he must be entitled to it.

2. In the case of the claim of the respondent Brinton a different question is presented. The appellant objects that the account and statement for a lien upon the premises is not properly verified, and the affidavit incomplete. It purports on its face to have been signed by him, and to have been sworn to before "T. W. Taylor, Clerk, Q. S.," with seal stamped, "Quarter Sessions Court." The venue of the affidavit is, "State of Pennsylvania, County of Chester, *ss.*" We know of no statute or rule which would recognize such an authentication as sufficient. In *Wood* v. *St. Paul City Ry. Co.*, 42 Minn. 411, (44 N. W. Rep. 308,) this court went so far as to say that affidavits made in another state, to be used in this state, may be taken before any officer authorized by the laws of the foreign state to administer oaths; but they must be duly authenticated, and show on their face the official character of the officer before whom they are taken, as well as his authority to administer oaths. But in that case the certificate of a notary under his seal was held sufficient, owing to the peculiar nature of his office, and the credit everywhere given to his official acts under seal. A substantially similar rule is provided by statute (Gen. St. c. 73, § 35) in the case of affidavits used on the argument of motions, and was generally recognized in chancery practice. 2 Daniell, Ch. Pr. (3d Ed.) 1684. It is very clear that the authentication here is incomplete, and the so-called "affidavit" was not sufficient to establish the proper record of the lien. We cannot take notice of the laws of Pennsylvania, or the extent of the authority of

the clerk of the quarter sessions, and, assuming that he might be presumed to be authorized to swear witnesses and administer oaths in the presence of the court, it does not follow that he would have power to take and certify affidavits of this nature.   There is no proof of it on the face of the record, and the defect cannot now be supplied by proof *aliunde.   Colman* v. *Goodnow,* 36 Minn. 9, (29 N. W. Rep. 338.)

As to the respondents James H. Drake and E. F. Drake the judgment is affirmed, and as to the respondent Brinton the judgment must be reversed.

NOTE. A motion for a reargument of this case was denied January 6, 1892.