*In re* CHUDEK.

1. INSANITY—PETITION—VERIFICATION.
   A petition under Act No. 120, Pub. Acts 1897, to have a person adjudged insane by the probate court, need not be verified.

2. SAME—INDIGENT INSANE—APPEAL.
   Act No. 120, Pub. Acts 1897, amending section 21 of the general law respecting asylums for the insane (3 How. Stat. § 1930a *et seq.*), provides for an appeal "in all cases or proceedings arising under this act." *Held*, that the right of appeal is not limited to cases arising under section 21, which relates to persons not in indigent circumstances, but extends to proceedings under section 23, which treats of indigent insane.

*Certiorari* to Wayne probate court; Willard M. Lillibridge, acting judge. Submitted October 4, 1898. Decided October 18, 1898.

Ida Chudek was adjudged insane, and committed to the Eastern Michigan Asylum, at Pontiac. Upon an appeal being denied to her, she sued out writs of *certiorari* and *habeas corpus*. Petitioner discharged.

*James H. Pound*, for petitioner.

*Allan H. Frazer*, Prosecuting Attorney, and *Byron S. Waite*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, J. The petitioner was adjudged insane by the probate court of Wayne county, Judge Lillibridge, of the Wayne circuit court, sitting in place of Judge Durfee, who was himself the petitioner. After an adjudication of insanity, the petitioner made application to appeal to the circuit court. A bond was presented to Judge Donovan, acting as probate judge, and approved, but, after consideration, Judge Donovan directed the probate

register not to receive the bond, for the reason that, in his view, the order was not appealable. The petitioner has now sued out a writ of *habeas corpus*, and also a' writ of *certiorari*, and asks a review of the proceedings, claiming: *First*, that the proceedings resulting in the adjudication of insanity were fatally defective; and, *second*, that she is entitled to be enlarged, because an appeal was regularly taken, and was authorized by statute.

1. The claim is made that the court did not obtain jurisdiction, for the reason that the petition which set the court in motion was not verified. The statute (Act No. 120, Pub. Acts 1897) does not require a verification of the petition. Counsel cites, as sustaining his contention, the case of *Lindsay* v. *Huth*, 74 Mich. 712; but that case was decided distinctly upon the ground that the statute required the notice which was in question to be verified.

2. Under the law as it existed prior to 1897, no appeal was allowed from a determination of insanity. *Sparrow* v. *Ingham Circuit Judge*, 109 Mich. 272. In 1897 the legislature, by Act No. 120, amended section 21 of the act entitled '' An act to amend, revise, and consolidate the laws organizing asylums for the insane,'' etc. (3 How. Stat. § 1930a *et seq.*), and provided for an appeal. The question is whether such appeal is limited to cases arising under section 21, or whether it was the intention to authorize an appeal in all cases. The present proceeding is under section 23 of the act, relating to persons in indigent circumstances. Section 21 relates to all other persons alleged to be insane. The purpose of discriminating against persons in indigent circumstances should not be lightly imputed to the legislature. The grant of an appeal was, doubtless, deemed an added safeguard against the restraint of sane persons in an asylum. Certainly, the restraint of an indigent person who is wrongly adjudged insane is as unfortunate as the restraint of one in better circumstances. The language of the statute is, ''In all cases or proceedings arising under *this act*, any person aggrieved by any order, sentence,'' etc., ''may appeal

therefrom." This language became a part of section 21, and section 21 was a part of the complete act. The amendment should be read as though it was a part of the original act. When so read, the language is not such as to limit the appeal to cases arising under section 21, but applies to all cases under the act. We think the appeal should have been allowed, and, as it was duly perfected, the petitioner should be discharged from custody.

The other Justices concurred.