## TYGART VALLEY BREWING CO. v. VILTER MFG. CO.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1910.)

No. 927.

1. Courts (§ 366*)—Federal Courts—Following State Decisions.

A decision of the highest court of a state, construing the recordation acts of the state as respects what is necessary to be done to secure liens thereunder, will be followed by the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. Mechanics' Liens (§ 154*)—West Virginia Statute—Verification Before Foreign Notary—Necessity of Certificate of Authentication.

Under the mechanic's lien law of West Virginia (Code W. Va. 1906, c. 75), which requires a sworn statement giving a true account of the amount due with a description of the property to be filed with the clerk of the county court, and Code W. Va. 1906, c. 130, § 31, which provides that an affidavit may be made before any officer of another state or country and authenticated by the certificate of the clerk or other officer of a court of record of such state or country, under an official seal, verifying the signature of the first-mentioned officer and his authority to administer oaths, as such statutes have been construed by the Supreme Court of Appeals of the state, the certificate authenticating the signature and official capacity of a foreign officer before whom a lien claim is verified, attached to the claim when filed, is essential to the validity of the lien, and its omission cannot be cured by amendment after the time allowed by the statute for filing the lien has expired.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 154.*]

3. Mechanics' Liens (§ 246*)—Failure to Perfect—Power of Court to Enforce.

A mechanic's lien is purely statutory, and, where the complainant in a suit to enforce such a lien has failed to perfect it in the manner required by the statute, the court cannot establish a lien on equitable considerations, however meritorious the claim may be.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 246.*]

4. Mechanics' Liens (§ 154*)—"Verification."

The verification contemplated by Code W. Va. 1906, c. 130, § 31, relating to the verifying of mechanics' liens, is an oath or affirmation taken and administered by and before an officer having authority by law to administer and certify oaths and affirmations.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 154.*

For other definitions, see Words and Phrases, vol. 8, pp. 7295, 7296.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Northern District of West Virginia, at Clarksburg.

Suit in equity by the Vilter Manufacturing Company against the Tygart Valley Brewing Company. Decree for complainant (168 Fed. 1002), and defendant appeals. Reversed.

The appellee, by agreement, dated February 1, 1906, contracted with the appellant to furnish and erect, in the latter's brewery, at Grafton, Taylor county, West Virginia, two large refrigerating machines and an ice plant, at the price of $21,500. After the completion of the work, the appellee, pursuant to the laws of the state of West Virginia, on the 22d day of April, 1907, filed in the clerk's office of said county its mechanic's lien, namely, an account purporting to show, among other things, a just and true account of the amount due, after allowing all credits, together with a description of the property to be covered therein, the name of its owner, against the plant and premises, and the land used in connection therewith, duly described in said lien. This account was sworn to before a notary public of the state of Wisconsin, and filed within the time prescribed by the statute, that is, within 60 days from the cessation of the labor on and furnishing material in connection with such machinery and ice plant; and the appellee, within the period allowed by the same statute, namely, 6 months from the date of the filing of said lien in the clerk's office, filed the bill in this case in the Circuit Court of the United States for the Northern District of West Virginia, for the purpose of enforcing the lien for the balance claimed to be due under the contract. The defendant in the lower court, the appellant here, appeared and demurred to the bill, assigning, among other grounds, that the account or lien, which was executed and subscribed to before a notary public of the state of Wisconsin, was not accompanied with the certificate of the clerk, or other officer of a court of record, in said last-named state, under his official seal, verifying the genuineness of the signature of said notary, and showing his authority to administer oaths, as required by the laws of the state of West Virginia. After the filing of the demurrer, the complainant was allowed to file an amended and supplemental bill, setting up the fact, among others, that the notary before whom the account referred to had been verified and filed as a mechanic's lien was authorized to administer oaths, and that his signature was genuine, and duly exhibited with said amended and supplemental bill a formal certificate dated the 12th day of August, 1907, from Fred. W. Cords, clerk of the circuit court of the county of Milwaukee and state of Wisconsin, under the seal of said court, showing these facts. This certificate was not annexed to and made a part of said account, nor did it purport to have been issued in relation thereto, but merely certified that the notary in question, whose name appeared at the top of the certificate, was duly commissioned and qualified, and that he was familiar with and verily believed his signature to be genuine. This certificate was not filed in the office of the clerk of the county court of Taylor county, W. Va., before or at the time of the filing of the amended and supplemental bill, or within 60 days from the completion of the work for which the lien is claimed. To this amended and supplemental bill a demurrer was also filed, assigning the insufficiency of the certificate dated 12th of August, 1907, unannexed to the claim for lien, and unrecorded therewith, to cure the defect in the claim for lien as originally filed. This demurrer was overruled, and thereupon appellant, the defendant below, answered the original and amended and supplemental bills, setting up the defects aforesaid in the complainant's lien, denying that a legal lien had been perfected, and made claim for alleged damages caused by delay in the erection of the machinery and plant. Subsequently, upon the motion of the complainant, leave was granted it to withdraw from the files the certificate of the clerk of the circuit court of Milwaukee county aforesaid, in order that the same might be filed in the office of the clerk of the county court of Taylor county, W. Va., and the same was withdrawn and recorded in said court in its record book of mechanics' liens; and thereupon, by leave of court, a second amended and supplemental bill was filed, setting up the withdrawal and recordation of such certificate and the contention that said lien was

thereby validated, to which a demurrer was interposed, again assailing the validity of the lien, and the same was overruled by the court. The defendant then answered the second amended and supplemental bill. Proofs were duly taken, and the cause submitted upon its merits; and the court, on the 3d day of April. 1909, filed its written opinion, reaffirmed its ruling on the demurrers, rejected the defendant's counterclaim, and found that the complainant on such lien was entitled to recover a balance of $8,294.39, for which a decree was, on the 20th day of April. 1909, duly entered, and the plant and premises ordered to be sold, from which decree this appeal was taken.

John Bassel (Fred. T. Martin, on the brief), for appellant.
C. F. Fawsett, for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge (after stating the facts as above). The assignments of error raise but two questions: First, the validity of the lien, because of the defective authentication thereof; and, second, the propriety of the rejection of the counterclaim for liquidated damages.

Considering the sufficiency of the certificate to the mechanic's lien under the West Virginia statute, the provisions of the same, so far as material, will be found in Code W. Va. c. 75, § 2 et seq., especially sections 4, 5, 10, and 11. Section 2 gives the lien. Section 4 provides how it shall be claimed, and is as follows:

"Sec. 4. Every lien provided for in the second and third sections shall be discharged unless the person desiring to avail himself thereof shall, within sixty days after he ceases to labor on, or furnish material or machinery for such building or other structure, file with the clerk of the county court of the county, in which the same is situated, a just and true account of the amount due him, after allowing all credits, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners of the property, if known, which account shall be sworn to by the person claiming the lien, or some person in his behalf."

Section 5 provides how, when, and where the lien must be recorded; section 10, within what time the bill must be filed for its enforcement, and the method of procedure thereunder; and section 11, the time within which such suit shall be instituted, and the effect of failure so to do. Code W. Va. 1906, c. 130, § 31, provides how affidavits before officials of another state, or nonresident officials, must be authenticated, viz.:

"An affidavit may also be made before any officer of another state or country authorized by its laws to administer an oath, and shall be deemed duly authenticated if it be subscribed by such officer, and there be annexed to it a certificate of the clerk or other officer of a court of record of such state or country, under an official seal, verifying the genuineness of the signature of the first mentioned officer, and his authority to administer an oath."

The question here presented involves the true interpretation to be given to the statutes of the state of West Virginia, and this court, where those statutes have been interpreted by the court of last resort of the state, will follow that construction, certainly as respects

the meaning of its recordation acts and what is necessary to be done to secure liens thereunder. According to our view of those decisions, the precise question here involved has already been passed upon, and we have heretofore, in another case before us, followed that decision. Lockhead v. Berkeley Springs W. & Imp. Co., 40 W. Va. 553, 21 S. E. 1031, was, as here, a suit filed for the enforcement of an alleged mechanic's lien, which was assailed because of the lack of due authentication of the certificate of the officer before whom the account was sworn to, and the court, among other things, said:

"Here the statute prescribes a method of giving notice to all whom it may concern, by requiring it to be in writing, and made matter of record, so that the lien created may not be secret, and the inherent nature of the transaction necessarily implies that such method is intended to be exclusive. Where a statute declares that the notice to create a lien shall be verified before filing, it is essential to the creation of the lien that it should be sworn to in the manner prescribed. The want of verification, or of a sufficient verification, is a defect which goes to the whole claim and cannot be amended. 'A claim for a mechanic's lien, when filed, should have been verified; and it should appear upon its face to have been verified, before it can be made the basis of a proceeding to enforce the claim based upon it. If any special form of verification is prescribed, it must be followed.' See Phil. Mech. Liens (3d Ed.) §§ 366, 366a, citing Hallagan v. Herbert, 2 Daly [N. Y.] 253; Lindsay v. Huth, 74 Mich. 712, 42 N. W. 358. In the latter case the notice of lien filed had no verification of any kind. The verification of the demand contemplated by the statute is an oath or affirmation taken and administered by and before an officer having authority by law to administer and certify oaths and affirmations. 2 Jones, Liens, § 1451. A verification of the claim substantially as required by statute is essential to its validity. Id. * * * Our opinion is that in such case what is essential to create the lien, and give notice thereof to the world at large of its being filed for record as such lien, does not exist, efficiently to that end, unless it appears on the face of the paper that the verification of the genuineness of the signature of the foreign officer before whom the affidavit was made, and his authority to administer an oath, does not in this case so appear by such certificate of the clerk or other officer of a court of record in such state or country, as section 31 of chapter 130 of the Code requires; that the decree sustaining the demurrer was therefore right. And the plaintiff declined to amend, and, electing to stand by his bill as he made it, there was nothing the court could do but dismiss it as on final hearing." Lockhead v. Berkeley Springs Waterworks & Improvement Co., 40 W. Va. 553, 563, 564, 21 S. E. 1031, 1034.

In passing upon the validity of a mechanic's lien, because of the absence of the very certificate of authentication lacking here, this court, in Morgan v. First National Bank, said:

"Regarding the claim of the Pittsburg Gage & Supply Company for $2,-193.15, the mechanic's lien in that case does not appear to conform to the laws of the state of West Virginia as construed by the Supreme Court of Appeals of that state, by which decision we feel bound in determining upon the validity of the statutory lien enforceable in bankruptcy. The precise question raised as to this lien—namely, whether the affidavit supporting this lien, taken before a notary public in the state of Pennsylvania, was properly authenticated—was decided in the case of Lockhead v. Berkeley Springs W. & I. Co., 40 W. Va. 553, 21 S. E. 1031, and such an authentication as we have in this case was therein declared to be insufficient under the laws of West Virginia, and the mechanic's lien declared on that account invalid. The claim of the Pittsburg Gage & Supply Company will therefore be treated only as an unsecured claim in the future conduct of this case." Morgan et al. v. First Nat. Bank of Mannington et al., 145 Fed. 466, 472, 76 C. C. A. 236, 242.

The views thus announced by the Supreme Court of Appeals of West Virginia, and followed by this court, are in accordance with the decisions of courts of last recort of many states, having similar statutes, and adopted by the leading text-writers of the country.

"Where a statute declares that the notice to create a lien shall be verified, before filing, it is essential to the creation of the lien that it should be sworn to in the manner prescribed. The want of verification, or a sufficient verification, is a defect which goes to the whole claim, and cannot be amended. Phillips, Mech. Liens [3d Ed.] § 366.

"A verification of the claim substantially as required by the statute is essential to its validity. The verification of the demand contemplated by statute is an oath or affirmation taken and administered by and before an officer having authority by law to administer and certify oaths and affirmations." Jones, Liens, § 1451.

Cream City Furniture Co. v. Squier, 2 Misc. Rep. 438, 21 N. Y. Supp. 972; Colman v. Goodnow, 36 Minn. 9, 29 N. W. 338, 1 Am. St. Rep. 632; Hickey v. Collom, 47 Minn. 568, 50 N. W. 918; Stetson Co. v. McDonald, 5 Wash. 496, 32 Pac. 108; Hill v. Alliance Building Co., 6 S. D. 160, 60 N. W. 752, 55 Am. St. Rep. 819; McDonald v. Rosengarten, 134 Ill. 126, 25 N. E. 429; McGillivray v. District Tp. of Barton, 96 Iowa, 629, 65 N. W. 974; Lindsay v. Huth, 74 Mich. 716, 42 N. W. 358.

The learned judge of the court below was not unmindful of the decision of Lockhead v. Berkeley Springs, etc., supra, but was of opinion that that case had been modified, and in effect overruled, by subsequent decisions of the Supreme Court of Appeals, citing in support of his view West Virginia Building Co. v. Saucer, 45 W. Va. 483, 31 S. E. 965, 72 Am. St. Rep. 822, and that a less rigorous rule now prevails in perfecting liens of the character in question, on account of the equitable nature of the claim, and, moreover, that the defect under the circumstances in this case had been cured by amendment. We are unable to concur in any of these contentions; we do not think that the case relied on modifies the former ruling. On the contrary, the case of Lockhead v. Berkeley Springs, etc., Co., supra, has for its support the decisions of that court theretofore, as well as since rendered, all adhering to the doctrine of the necessity for strict compliance with the statute, in order to secure a mechanic's lien. Mayes v. Ruffner, 8 W. Va. 384; Stout v. Golden, 9 W. Va. 231; McGugin v. Ohio River R. R. Co., 33 W. Va., 63, 10 S. E. 36; U. S. Blowpipe Co. v. Spencer, 40 W. Va. 698, 21 S. E. 769; Niswander v. Black, 50 W. Va. 188, 40 S. E. 431; Mertens v. Cassini Mosaic & T. Co., 53 W. Va. 192, 44 S. E. 241.

Under our view, the lien must be claimed strictly in accordance with the statute, and within the time therein prescribed; and that whatever right of amendment, if any, exists, the same must be exercised during the time the lien is required to be filed; and the lien in all respects perfected before the statutory period allowed for claiming the same expires. The necessity for strict compliance with the act under which liens of this character are claimed was emphasized by this court in Liberty T. B. & L. Co. v. Furbish Sons Mfg. Co., 80 Fed. 631, 26 C. C. A. 38, a supply lien case under the Virginia statute; Judge Goff, speaking for the court, saying:

"If such a lien exists on said property in favor of the appellant, it is one unknown to the common law, as well as to courts of equity, and can be sus-

tained only under the provisions of the Virginia Code before mentioned. Being dependent entirely on the statute, * * * it can only be successfully asserted after the terms and conditions prescribed by the Code have been complied with. This legislation, while commendable in character, is far reaching in its results, and those claiming its benefits will be required to show that they have strictly complied with the obligations imposed upon them by its provisions. * * * The Legislature evidently intended that all these provisions should be respected by those desiring to avail themselves of the benefits provided for in the legislation now under consideration. The intention was that the mere inspection of a record, to be found at a particular place, should disclose all the information necessary in order to enable those interested therein to determine as to the existence of liens on the property of certain companies. * * * The Legislature, for reasons plainly evident, has wisely limited the time within which liens can be perfected, and has required that the record shall show that the party claiming has asserted them within 90 days from the time that his demand was due. The appellant is unable from the record to do this, and it must suffer the consequences." Withrow Lumber Co. v. Glasgow Investment Co., 101 Fed. 863, 42 C. C. A. 61.

The right to amend a lien improperly claimed, after the period of time in which it is required by law to be filed has expired, is clearly negatived by the last-mentioned decision of this court, and was expressly passed upon in the Lockhead Case, supra, 40 W. Va. 553, 21 S. E. 1031; the court saying:

"The want of verification, or of a sufficient verification, is a defect which goes to the whole claim, and cannot be amended."

The reason why amendments of the character here asked for cannot be made is apparent. It is not the amendment of a pleading in the cause that is desired, but an effort to change, add to, or supplement a paper that is sought to be enforced as a lien in the cause; in other words, to perfect a lien upon its face imperfect. The statute alone can be looked to to determine when and how this can be done, and, if its requirements have not been conformed to within the period specified therein, necessarily amendments cannot be made after the period specified for claiming its benefits have passed. To do so would destroy the very benefits that the recordation acts of the state are intended to secure and preserve, and make those laws a mere pitfall. Colman v. Goodnow, 36 Minn. 9, 29 N. W. 338, 1 Am. St. Rep. 632; Conklin v. Wood, 3 E. D. Smith (N. Y.) 662; Drake v. Green, 48 Kan. 534, 29 Pac. 584; McDonald v. Rosengarten, 134 Ill. 126, 25 N. E. 429; Dearie v. Martin, 78 Pa. 55; 27 Cyc. of Law & Pro. 206.

The suggestion that this court can be influenced by equitable considerations, based upon, perhaps, a meritorious claim, is untenable. The object of the bill is to enforce a lien, and the court has at once presented to it for determination by the demurrer whether one exists; if not, this court sitting in equity has no jurisdiction of the subject-matter—it matters not how meritorious the complainant's demand may be, from the standpoint of the defendant's indebtedness. This view was presented to this court in the case of Withrow Lumber Co., supra, and a rehearing granted to afford an opportunity to consider the same, and, after full argument of the cause, the court there said:

"The weakness of the contention made by the petitioner, in the application for rehearing, is that the existence of a lien is presupposed. If a lien existed, much that is said would be true; but under the Virginia mechanic's lien law, as has been repeatedly decided by the court of last resort in the state, a lien can only be acquired in the manner prescribed by the statute. The petitioner attempted to perfect its lien as required by the statute, but failed properly to do so; and, the lien not having been thus secured, it is impossible otherwise to set it up. The court cannot, upon the theory of keeping alive the right to secure an inchoate or incipient lien, create one." Withrow Lumber Co. v. Glasgow Investment Co., 106 Fed. 363, 45 C. C. A. 321.

The conclusion reached by the court on the first assignment of error, that the appellee's lien is invalid, makes it unnecessary to pass upon the question presented by the second assignment, relating to the appellant's defense of set-off.

The decision of the lower court will therefore be reversed, and the case remanded thereto, with directions to dismiss the bill, but without prejudice to the complainant to take such steps as it may be advised to establish its claim and recover the same from the defendant.

Reversed.