# CHARLESTON

HILL CLUTCH COMPANY V. INDEPENDENT STEEL COMPANY OF AMERICA *et al.*

Submitted May 5, 1914.   Decided May 12, 1914.

1. AFFIDAVITS—*Authority of Foreign Officer—Authentication.*

    An affidavit purporting to have been made before a notary of another state, to which there is not annexed a certificate authenticating the genuineness of the notary's signature and his power to administer oaths, as required by Code 1913, Ch. 130, Sec. 31, is insufficient to perfect a claim of mechanic's lien.   (p. 354).

2. MECHANICS' LIENS—*Claims—Insufficient Verification.*

    A claim of mechanic's lien having such insufficient verification will not prove the lien and warrant a decree for its enforcement when the validity of the lien is denied, even though specific exception is not taken to the insufficiency of the affidavit.   (p. 355).

Appeal from Circuit Court, Wayne County.

Bill by the Hill Clutch Company against the Independent Steel Company of America and others. Decree for plaintiff, and defendant Rockwood Sprinkler Company appeals.

*Reversed in part.   Affirmed in part.*

*Warth & McCullough* and *Orville J. Taylor,* for appellant.

*Holt, Duncan & Holt* and *Williams, Scott & Lovett,* for appellees.

74 W. Va.

ROBINSON, JUDGE:

The decree appealed from is one adjudging liens on the property of the Independent Steel Company of America, fixing the order of their priority, and directing a sale for their payment.. Appellant, the Rockwood Sprinkler Company, complains that proper place has not been given to its mechanic's lien, which has been put subsequent to a large mortgage over which appellant contends its lien should have priority.

Appellees, the steel company and the mortgagees, make a cross-assignment submitting that appellant has no valid mechanic's lien and that the decree is erroneous in recognizing appellant's claim of lien at all. If this cross-assignment is well taken, the question of priority brought here by appellant is immaterial. Logically, therefore, consideration of the cross-assignment comes first.

The charge of invalidity against appellant's claim of a mechanic's lien is that the affidavit thereto, purporting to have been taken before a notary in the State of Illinois, is not authenticated, and hence amounts to no verification of the claim of lien as required by statute.

To the affidavit there is not annexed a certificate of the clerk or other officer of an Illinois court of record under an official seal, verifying the genuineness of the notary's signature and his authority to administer an oath. By our statute an affidavit made before an officer of another state must bear such a certificate. Code 1913, Ch. 130, Sec. 31. If it does not bear such certificate it is not duly authenticated and is not in fact an affidavit. The very terms of the statute cited require the annexation of such a certificate to make the affidavit complete and effective. So appellant's claim of lien indeed lacks an affidavit and has not been verified The claim of lien does not show that it has been "sworn to" as the statute authorizing the creation of a mechanic's lien demands. Code 1913, Ch. 75, Sec. 4. On its face the evidence in this particular does not appear. It therefore can not serve as notice of a mechanic's lien nor as evidence of such a lien. For, the oath is an essential element of the creation of the lien and must be in writing as a part of the paper which is filed for record for the purpose of claiming the lien. Without full written and

recorded evidence that the oath has been taken and certified as required by our statutes there is no substantial compliance with the law whereby a mechanic's lien may be perfected and held against the property of another.    Mechanic's liens are purely creatures of the statute and every step prescribed to perfect such liens must be pursued in order to make them a charge against the property of the owner.    This is fully established by our decided cases.

An affidavit purporting to have been made before an officer of another state, to which there is not annexed a certificate authenticating the genuineness of the officer's signature and his power to administer oaths, as required by Code 1913, Ch. 130, Sec. 31, is insufficient to perfect a claim of mechanic's lien. *Lockhead* v. *Berkeley Springs Waterworks & Improvement Co.*, 40 W. Va. 533; *Tygart Valley Brewing Co.* v. *Vilter Mfg. Co.*, 184 Fed. 845.    The reasons and authorities justifying this holding are fully presented by the opinions in the cases cited.    Time and space should not be consumed in reiterating them here.    The holding is not technical.    It is the enforcement of plain statute as to the making of affidavits.    It is the enforcement of statutory law embracing a policy deemed by the law-makers to be essential in the due administration of justice.

Appellant argues that the insufficiency of the affidavit was not specifically raised below and can not on this appeal be considered.    It says the demurrer to its petition setting up the claim of lien was not insisted on and in this way the insufficiency was waived.    But a demurrer to the pleading which asserted the claim of lien was only one way of presenting the insufficiency as a defense.    Even if the defect in the claim of lien was not insisted on by way of attacking the pleading, the record plainly discloses that the validity of the claim of lien was put in issue by the answer to appellant's petition asserting the lien.    The answer expressly denied that appellant's claim of lien, a certified copy from the record of which was filed as an exhibit with appellant's petition, constitued a lien under the mechanic's lien law of this State, and prayed that appellant's claim of lien and its pleadings setting up the same be dismissed.    Thus the validity of the alleged lien was directly attacked, and clearly made an

issue in the case. Moreover, when the commissioner to whom the cause was referred made his report, it was excepted to by the steel company on the ground that the commissioner did not report that appellant had no valid subsisting lien. So by the pleadings and by this exception the court was called upon to pass on the validity of the claim of mechanic's lien. By the decree appellant's petition and claim of lien asserted therein were upheld, and the exception to the report of the commissioner was expressly overruled. Thus the very point which appellant says was never passed upon below was involved in the court's decree and was necessarily passed on in the pronouncement and entry thereof. The issue, and the exception as well, raised the question of the validity of the claim of lien. The court could not decree as it did without determining that question.

Appellant cites *Bohn* v. *Zeigler,* 44 W. Va. 402, a case relating to an affidavit for attachment, as authority that it might have amended the defective affidavit, if the insufficiency of the affidavit had been specifically called to its attention. Perhaps within the time fixed for perfecting the claim of lien appellant could have saved the lien by filing an entirely new claim properly verified. "As a general rule, the verification is a part of the claim and can not be corrected after the time for filing of the statement is expired." Rockel on Mechanics' Liens, Sec. 120; Boisot on Mechanics' Liens, Sec. 462. But as to this we are not now called to decide. Appellant rested its case on a claim of lien not perfected as the law requires, and submitted its case for decision thereon, notwithstanding the validity of the claim was challenged in the cause by the owner of the property. If it did not heed the challenge and save the lien by correcting the defect within the time for perfecting the lien, the fault is upon appellant itself. A direct issue in the cause was whether appellant had a valid mechanic's lien on the property. It submitted its case on a paper from the record which did not show a valid lien. To be proof of a mechanic's lien appellant's claim of lien had to show compliance with the law whereby a mechanic's lien may be created. Since the claim was not perfected as the law requires in order that a mechanic's lien may be created, appellant's proof was insufficient. Appellant was therefore

not entitled to decree. In principle the case is the same as one where a debt sued for is denied by the issue joined and the plaintiff submits the issue for determination on insufficient proof. Whether his opponent points out to him the insufficiency or not, he must be the judge of the propriety of allowing the case to go to determination on the proof that he offers. "A plaintiff is responsible for his own showing, and a defendant is not called upon to remind him of insufficiency in weight of his evidence, by exception thereto before submission of the cause." *Despard* v. *Pearcy,* 65 W. Va. 140.

The cross-assignment of error must be sustained. Appellant did not prove a mechanic's lien against the property. Wherein the decree establishes such lien in favor of appellant it will be reversed and set aside. In all other respects the decree will be affirmed.

*Reversed in part. Affirmed in part.*