## CHARLES J. BROWN v. MARINE HOME TELEPHONE COMPANY AND ANOTHER.[1]

May 25, 1917.

Nos. 20,210—(50).

**Mechanic's lien.**

Without authority a Minnesota telephone company extended one line into Wisconsin, the switch board for which was in Minnesota. Claimants performed work on the Minnesota and Wisconsin lines. *Held*: They can enforce a lien fo rthe entire claim against defendant's plant in Minnesota. [Reporter.]

Action in the district court for Washington county to recover $288.52 and $75 for attorney's fees, and to foreclose a lien for the same upon defendant's lines and other property. Frank Reader filed an answer in which he claimed that plaintiff's lien was subordinate to his lien. The case was tried before Nethaway, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded and $50 attorney's fees, and in favor of defendant Frank Reader for $179.30 and $50 attorney's fees, and ordered a sale of the property to satisfy the judgments. Defendant company's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant company appealed. Affirmed.

*O'Malley & O'Malley*, for appellant.

*George H. Sullivan, Wilson & Thoreen* and *H. H. Gillen*, for respondents.

PER CURIAM.

This action was brought to foreclose two liens for labor upon defendant's rural telephone lines. The trial court rendered judgment in favor of the lien claimants, and defendant, by this appeal, challenges the sufficiency of the evidence to sustain the findings upon which the judgment is based.

That the lien claimants were employed for defendant by its president and acting manager to do work in constructing and fitting up its telephone lines, and that they performed the services claimed, is amply proven.

Defendant is a Minnesota corporation, having its only office and place of business at Marine Mills in Washington county, and is authorized to construct and operate telephone lines connecting towns and villages within the

[1]Reported in 162 N. W. 884.

state. Defendant constructed lines in the state of Minnesota, and also constructed a line in the state of Wisconsin. Its switch board is located at Marine Mills, and all its lines are connected with this switch board and operated from its office at Marine Mills. Part of the services performed by the lien claimants were performed upon the lines in Minnesota, and part upon the line in Wisconsin; but what part was performed in one state and what part in the other is not shown. The judgment gives a lien upon the lines in Minnesota for the full amount due for the services rendered upon the lines in both states. No Wisconsin statute giving a lien for such services in that state is alleged or proven.

The only important question presented is whether the court erred in giving a lien upon the lines in this state for the labor performed upon the line in Wisconsin. Only the rights of the two lien claimants on one side and the company on the other are here involved. While the company had no authority to extend its lines outside the state, it extended one line across the boundary into Wisconsin. Aside from this its entire plant is in Minnesota, and this Wisconsin line can only be used through the medium of the switch board and office in Minnesota. It is useless except as an adjunct to the Minnesota system. We think that the fact that the lien claimants performed a part of their work in Wisconsin by direction of defendant, does not debar them from enforcing a claim for the full amount of their wages against the main plant in Minnesota.

We find no merit in defendant's point that no evidence was offered to prove that defendant was the owner of this telephone system. The labor was performed for defendant in constructing this system, and the lien is valid against whatever interest defendant had in it. Colman v. Goodnow, 36 Minn. 9, 29 N. W. 338.

Judgment affirmed.