JAMES B. McCALL *et al.*, appellants, *v.* JACOB LESHER *et al.*, appellees.

*Appeal from Wabash.*

Where all the parties to the suit are not before the Court, it is erroneous to render a decree against them.

After the commencement of a suit in chancery, two of the parties died, and their heirs were made parties. No process issued against them, nor was their appearance ever entered. The record showed that "the parties came by their solicitors:" *Held*, that this applied only to those who had appeared by answering the bill.

BILL IN CHANCERY in the Wabash Circuit Court, filed by the appellees against the appellants. The cause was heard at the April term 1840, before the Hon. Justin Harlan, then a Judge of the old Circuit Court, when a decree was rendered in favor of the complainants below.

The proceedings of the Court below, so far as they are necessary to the present determination of the cause, appear in the Opinion of the Court.

*S. T. Logan*, for the appellants.

The heirs of William McIntosh should have been made parties to this suit *by name*, and not as "unknown heirs," because, when this suit was commenced, there was no statute authorizing suits to be brought in that manner. Again, although *one* person was made a party by name, still it was not shown that he was an heir.

A suit abates only as to a deceased party. His personal representatives may be substituted. Gale's Stat. 143, § 20.

*A. Lincoln,* for the appellees.

There is no evidence before the Court to show that McIntosh had any heirs; if he had, they were not necessarily parties. Story's Eq. Pl. 74 *a*, §76 *c.*

In case of death of parties, the statute permits new parties without a Bill of Revivor.

The Opinion of the Court was delivered by

TREAT, J.   This was a bill in chancery filed by Lesher and Hinde against the heirs at law of Henry Vanderbergh, to compel the conveyance of four hundred acres of land lying at the Grand Rapids, in Wabash county.

All of the defendants appeared and answered the bill. A replication was filed, and a mass of testimony taken.

Subsequently, the death of Julia McCall and Ferdinand Vanderbergh, two of the defendants, was suggested; and on motion of the complainants, William McCall, James B. McCall, Jr., Henry McCall and Mary S. McCall, heirs of Julia McCall, and Eliza, Francis, Henry and Joseph C. Vanderbergh, heirs of Ferdinand Vanderbergh, were made defendants to the suit.

No process ever issued against these defendants, nor was their appearance ever entered.

The cause proceeded to a hearing, and a decree was made requiring the defendants to convey the premises in question to the complainants. To reverse that decree, the defendants prosecute an appeal.

It is assigned for error, that the Court erred in rendering the decree, when all of the defendants were not properly before it.

This objection to the decree is decisive. The cause was not ready for hearing. The heirs of the deceased defendants were necessary parties. They succeeded to the rights of their ancestors, and were directly interested in the subject matter of the suit. The bringing of them before the Court

was an indispensable condition to the final decision of the case. The proper mode of proceeding, after making them defendants, is prescribed by the statute. They are to be served with process, or notified by publication, in the same manner as in the case of original defendants. Rev. Stat. 45; Rev. Laws, 124.

It was insisted, on the argument, that the appearance of these defendants might be inferred from the record. In stating the submission of the cause to the Court, it says that "the parties came by their solicitors." This, of itself, does not shew the appearance of any but those previously before the Court. There were several of the original defendants who had appeared by answering the bill, and this entry must be understood as only embracing them and the complainants. The record ought distinctly to shew the service of process on the defendants, or their voluntary appearance to the action. It must not be left to inference or conjecture.

We are called on by another assignment of error to pass on the propriety of the decree on the merits. We shall refrain from a decision of this question. Parties materially interested have had no opportunity of asserting their defence and substantiating it by proof. A new investigation may substantially change the character of the case.

The decree of the Circuit Court is reversed, with costs, and the cause remanded for further proceedings.

*Decree reversed.*