## THE ORR & LOCKETT HARDWARE COMPANY

### *v.*

## THE NEEDHAM COMPANY *et al.*

*Opinion filed November 8, 1897.*

1. MECHANICS' LIENS—*affidavit to claim for lien must cover all essential statements.* The affidavit to a claim for a mechanic's lien filed with the circuit clerk must be broad enough to cover all the essential statements in the claim which the statute requires shall be therein set forth.

2. SAME—*when affidavit is not sufficient.* Under section 4 of the Mechanic's Lien act, as amended in 1887, (Laws of 1887, p. 219,) which requires that claims for liens shall set forth the dates when materials were furnished, an affidavit which states that the claim "contains a full and true statement" of the materials furnished, but omits to verify the statements in the claim as to the dates when such materials were furnished, is insufficient.

*Orr & Lockett Co.* v. *Needham Co.* 62 Ill. App. 152, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This was a bill for a mechanic's lien. The claim and verification thereof, as filed in the office of the circuit clerk, were as follows:

"STATE OF ILLINOIS, ⎱ *ss.*
　County of Cook. ⎰

*In the Circuit Court of said county.*

"William H. Edwards, secretary of the Orr & Lockett Hardware Company, a corporation organized and doing business under the laws of Illinois, for and on behalf of said corporation, dealers in builders' hardware, etc., makes the following as a true and just statement of account due it, after allowing all credits and set-offs, for builders' hardware furnished by the said Orr & Lockett Hardware Company; and the said company, by William H. Edwards, its secretary, hereby states that the itemized account hereto attached and made a part hereof truly and correctly sets forth the materials, consisting of builders' hardware, so furnished, and the dates when furnished, and that there is now due the said Orr & Lockett Hardware Company, on account of said builders' hardware so furnished as aforesaid, and used in and upon the real estate and buildings hereinafter described, the sum of $613.60.

"The following is a correct description of the real estate and buildings and property to be charged with the lien provided for by the statute, and the names of the owners thereof, to-wit:" (Here follow description of property and names of owners.)

ORR & LOCKETT HARDWARE CO.
By WILLIAM H. EDWARDS, *Sec.*"

"STATE OF ILLINOIS, ⎱ *ss.*
　County of Cook. ⎰

"William H. Edwards, being first duly sworn, on oath says that the above and foregoing statement of account by him subscribed, contains a full and true statement of builders' hardware furnished by the said Orr & Lockett Hardware Company for and were used in and upon the lots, real estate and buildings therein described, and that there is due and unpaid, for and upon account thereof, to said Orr & Lockett Hardware Company, the sum of six hundred and thirteen dollars and sixty cents ($613.60.)  WILLIAM H. EDWARDS.

"Subscribed and sworn to before me this 21st day of July, A. D. 1890.  W. A. PHELPS, *Notary Public.*"

Then follows itemized account of articles furnished, with dates, etc.

This appeal is from a judgment of the Appellate Court affirming the decree of the circuit court dismissing complainant's bill because of the insufficiency of the verification of the claim. The Appellate Court granted a certificate of importance.

H. C. BENNETT, and W. A. PHELPS, for appellant.

HIRAM HOLBROOK ROSE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The question here is, whether or not the verification of the claim of appellant for a lien, as filed in the office of the circuit clerk, is sufficient.

Section 4 of the act entitled "Liens," applicable to the case, is as follows: "Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, a just and true statement or account or demand due him after allowing all credits, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit. Any person having filed a claim for a lien, as provided in this section, may bring a suit at once to enforce the same, by bill or petition, in any court of competent jurisdiction in the county where the claim for a lien has been filed." (3 Starr & Curtis' Stat. 819.) And section 28 provides: "No creditor shall be allowed to enforce a lien created under the provisions of this act, as against or to the prejudice of any other creditor or incumbrance or purchaser, unless a claim for a lien shall have been filed with the clerk of the circuit court, as provided in section 4 of this act, within four months after the last payment shall have become due and payable."

In *McDonald* v. *Rosengarten*, 134 Ill. 126, in delivering the opinion of the court, Mr. Justice SCHOLFIELD said (p. 130): "The purpose of requiring the claim to set forth 'the times when such material was furnished or labor performed,' is, obviously, to enable those interested to know, from the claim itself, that it is such as can be enforced, and the verification by affidavit is required as a guaranty of the claim in this as in other respects,—and all this is, by section 28, indispensable to the enforcement of the lien against creditors and incumbrancers." And in *Campbell* v. *Jacobson*, 145 Ill. 389, it was said (p. 403) that "the statute having required every creditor or contractor who wishes to avail himself of the provisions of the statute to file in a public office a sworn statement of a particular character, that requirement must be at least substantially complied with, and unless that is done his lien cannot be enforced."

The question here is not whether the statement or account, as such, is sufficient, but whether it is sufficiently verified by affidavit. As shown by the statute and held in the cases cited, it is indispensable that "the times when such material was furnished or labor performed" be set forth, and it necessarily follows that if necessary to be stated it is necessary that it should be verified by affidavit. It would not be contended that a statement sufficient in all respects except that it was not verified by affidavit would be a sufficient compliance with the statute. No more can it be maintained that a statement containing all the statutory essentials, but with a verification of a part, only, of such essentials, would be sufficient. It follows, of course, that if the "times when the material was furnished" must be set forth to save the lien, the verification must be broad enough to cover that requirement. Here the dates were given in the itemized account, and the statement to which the account is attached states that the account "correctly sets forth the materials, consisting of builders' hardware, so furnished,

and the dates when furnished," but the affidavit does not certify to the truth of the statement and account, but simply that it "contains a full and true statement of builders' hardware furnished," etc.  This affidavit could be absolutely true and the dates in the statement and account wholly untrue.  Such a verification would not be sufficient to a pleading necessary to be verified, and while we are not disposed to adopt a rule of construction requiring a strict compliance, we cannot dispense with a substantial compliance with the statute.

The verification here is almost literally the same as the verification set forth in *McDonald* v. *Rosengarten, supra,* which was there held to be defective.  It would be over-ruling that case to hold that the verification in this case is sufficient.  It was said in that case that "verification, in this connection, plainly means, certifying that the statement as made is true."  The affidavit here does not certify that the whole of the statement is true, but only that a part of it is true.  It swears that the statement is a true statement as to the hardware furnished, as to its use in and upon the property, and as to the amount due therefor, but it omits to certify that the statement is true in so far as it sets forth the times when the material was furnished.  In this respect it does not comply with the statute.  If the affiant had simply sworn that the state-ment was true, his oath would be understood as applying to the whole statement, and this case would then be brought within the rulings of this court in the recent cases of *Hayes* v. *Hammond,* 162 Ill. 133, and *Moore* v. *Parish,* 163 id. 93.  In the latter cases the verifications, which were held good, applied to the whole of the statement, while here the verification is clearly limited to a part of the statement.

The judgment of the Appellate Court and the decree of the circuit court are affirmed.

*Judgment affirmed.*