## Robert P. Shields et al. v. S. Jennie Sorg et al.

### Gen. No. 12,613.

1. *Res judicata—when decision of Supreme Court is, as to new parties.*  The decision of the Supreme Court is *res judicata* as to new parties subsequently joined where such new parties were in direct privity and derived their sole interest *pendente lite* from the party as to whom the decision was rendered.

2. ABATEMENT—*when irregularity in adding new parties upon, not ground for reversal.*  Where the heirs and representatives of a deceased party in a chancery proceeding are joined by mere amendment of the pleadings, but appear in the cause and have their rights adjudicated, no objection to the irregularity in the mode of reviving the suit can be successfully urged upon appeal.

3. MECHANIC'S LIEN—*when claim for lien filed within four months of date of last payment within meaning of act of 1887.*  Where under the terms of the contract the last payment became due to the contractor upon the issuance to him of an architect's final certificate, a claim for lien under the act of 1887 is filed in time if filed within four months from the date of the issuance of such architect's certificate.

4. MECHANIC'S LIEN—*when claim for lien not insufficient for failure to join necessary party.*  A claim for lien filed against the lessee of land is not fatally defective in failing to join therein the owner of the fee notwithstanding such owner may be interested or affected by the enforcement of the lien against the property in question.

5. MECHANIC'S LIEN—*cross-bill not esential to affirmative relief.*  An answer setting up the essential facts is sufficient to support the allowance of a claim for lien, and a cross-bill praying affirmative relief is not essential.

6. MECHANIC'S LIEN—*when claim for, enforced by suit, brought in apt time.*  The filing of an answer by a lien claimant, in a proceeding instituted by the owner of the fee of the property sought to be charged with the lien, to clear the title thereof from lien claims, if filed within the time in which a suit should have been brought, entitles such lien claimant to an allowance of his claim if his answer is sufficiently broad and his proof sustains the same.

7. MECHANIC'S LIEN—*what pleading seeking enforcement of. should set up.* The remedy afforded by the Mechanic's Lien Act being in derogation of the common law, must be strictly pursued, and a pleading by which it is sought to enforce a claim for lien must set forth sufficient affirmative facts which, if undisputed, will entitle the claimant to the enforcement of his lien.

8. MECHANIC'S LIEN—*when claim for lien insufficient.* A claim for lien filed with the circuit clerk is insufficient which fails to set forth the time or times when the material was furnished and the labor performed.

9. ARBITRATION AWARD—*effect of setting aside, upon question of waiver.* If, as a matter of law, the submission of a claim to arbitration operates as a waiver of the claim for lien, the fact that such award was set aside does not change the legal effect of the act of submission.

Mechanic's lien proceeding. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 29, 1906.

ATWOOD, PEASE, CORBIN & LOUCKS, for appellants; WILLIAM S. CORBIN, of counsel.

H. H. C. MILLER and W. S. OPPENHEIM, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court denying a mechanic's lien claimed by appellants Shield and Cook under an answer as amended to the bill of Paul J. Sorg tried in the Circuit Court against appellants and others, seeking to remove certain conveyances and claims for mechanics' liens as clouds on his fee title to the land, on which was a building known as the Mecca Hotel, situate at Thirty-fourth and State streets, Chicago.

This case and the appeal cases of S. Jennie Sorg et al. v. Roland A. Crandall et al., general number 12,589, *ante,* p. 255, and A .H. Lowden et al. v. S. Jennie Sorg et al., general number 12,612, *ante,* p. 261, now pending in this court, have been consolidated and heard here upon the same record and abstract.

For a full statement of the facts upon which the right to predicate a mechanic's lien upon the Sorg fee rests, we refer, without here again repeating, to the cases of Crandall v. Sorg, 99 Ill. App. 22, and Crandall v. Sorg, 198 Ill. 48. The contract between Paul J. Sorg and Henry C. Hullinger is set forth in the opinion of the Supreme Court in *haec verba*—see pp. 50 to 56 *et seq.* —and the salient provisions of the lease between Sorg and Hullinger, afterwards assigned to the Mecca Company, stated with a recital of all the pleadings, master's report, and orders and decrees of the *nisi prius* court. The judgment of the Appellate Court, as also the decree of the Circuit Court, were by the Supreme Court in case *supra* reversed and the cause was remanded to the Circuit Court with directions to overrule the recommendations of the master that a decree be entered in favor of Sorg on the ground that no mechanic's lien could in any event attach to Sorg's fee title, and to proceed to consider and dispose of the question of the validity of the mechanics' liens of the several lien claimants, but said on p. 64: "*We do not, however, decide that any valid mechanic's liens existed against the property.*" As to the mechanic's lien claim of appellant here the court said on p. 65: "Shields and Cook were principal contractors and claimed liens, but refused to pay the proportion of the master's costs ordered by the court to be paid by them, and the court dismissed them from the case. Afterwards they were reinstated as parties, and in the decree the rights and cause of said Shields and Cook were expressly reserved for further determination by the court, and the alleged right of said Shields and Cook to a lien is still pending. We therefore refrain from considering whether the appellants have a valid lien under the statute, as all should be heard together. The parties are entitled to the action of the court on the objections and exceptions to the master's report and to its judgment and decision as to the matters of fact disclosed by the testimony

bearing upon the question and validity of the alleged liens.''

To the determination of the validity, or not, under the proof in this record of the claim to a mechanic's lien of appellants Shields and Cook, we will now proceed, confining ourselves within the limits of this contention to such questions as in our opinion affect appellants' claim and such other subsidiary questions necessary to support it.

A preliminary question arises here as to the regularity of the proceedings against the appellees S. Jennie Sorg, Paul A. Sorg and Ada G. Sorg.

Subsequent to the decision by the Supreme Court in Crandall v. Sorg, *supra,* and in May, 1903, the appellee Paul J. Sorg died, leaving him surviving appellees S. Jennie Sorg, his widow, and Paul A. Sorg and Ada G. Sorg, his children and only heirs at law. The bill was not revived by the Sorgs, but amendments were filed to the cross-bills of Simpson Bros., Crandall and the other cross-complainants, alleging the fact of death and survivorship and making the Sorgs, widow and heirs, parties in place of their ancestor. Summons was issued against them. They appeared, and after interposing a demurrer to the cross-bills unsuccessfully filed their answers. Among other things they claimed title in themselves by a deed from Paul J. Sorg of date April 12, 1900, for a valuable consideration, and setting up various other matters—not necessary to be here set forth—which in their opinion precluded any lien from attaching to the fee title. On exceptions filed all such matters of defense were held to be impertinent and expunged from the answer. It is clear the questions thus raised were immaterial as already having been adjudicated adversely to the contentions appearing in such answer in Crandall v. Sorg, 198 Ill. 48. Whether they took title as heirs of Paul J. Sorg, or as purchasers from him, is beside the question; their rights and interests are the same and must be measured by the same legal standards. They stand in the litigation in the

same position as Paul J. Sorg did when he died or conveyed, and they have no greater rights than he would have if in life and still retained title. They took title burdened with whatever lien was cast upon it by the decision of the Supreme Court in Crandall v. Sorg, *supra,* the sole matter remaining for them to defend against being the validity or not of the several claims for mechanics' liens interposed by the several lien claimants. The Sorgs are not necessary parties as purchasers. Having taken title *pendente lite* they were bound as firmly by the proceedings and orders made in the cause as their grantor was at the time of the making and delivery of the conveyance, and whatever title they took is subject to all the rights of all the parties in the pending action as at that time finally determined. As heirs of complainant in the original bill and a defendant in the several cross-bills, it was incumbent upon cross-complainants upon the death of Paul J. Sorg to make his widow and heirs parties in conformity with section 17, chap. 1, R. S., title "Abatement," which provides that a cause shall abate only as to the deceased party, and that the person or legal representatives becoming interested may be made parties "in the same manner as in the case of a sole complainant or defendant," and section 11 of the Abatement Act, *supra,* directs that the *cause* shall not abate on account of the death of a sole defendant, if it might be originally prosecuted against the heir, etc., and that such death may be suggested on the record, whereupon summons shall issue against such legal representatives "requiring them to appear and defend the action, and after which it may proceed as if it had been originally commenced against him."

While it may be conceded that the manner of bringing the Sorgs into the cause was somewhat irregular and not in strict accord with the statute and the practice in chancery, yet in the situation here presented such irregularity may be treated as immaterial, for the fact remains that they appeared, submitted

themselves to the jurisdiction of the court, were heard in substantiation of their claimed defenses as to the validity of the lien claims, had their rights adjudicated to the same extent as they possibly could, had the better and more approved practice of injecting them into the cause been followed. No objection was interposed to this claimed irregularity. They submitted themselves and their involved interests to the jurisdiction of the court, and they now have no just cause of complaint. McCall v. Lesher, 7 Ill. 47; Kronenberger v. Heinemann, 104 Ill. App. 156; Stoetzel v. Fullerton, 44 Ill. 108.

The rights of all the lien claimants here rest upon and are environed by the Mechanic's Lien Act of 1887, which is amendatory of the Act of 1874.

The point is raised that Shields and Cook are not entitled to enforce their lien claim, because they failed to file a notice of their lien claim with the clerk of the Circuit Court within four months after the last payment became due and payable, in accordance with section 28, *supra*.

Shields and Cook filed notice of their claim for a lien with the Circuit Court February 11, 1893, being within four months of October 11, 1892, when a final certificate was issued to them by the architects. We hold that under the contract the last payment became due within the meaning of the statute, *supra*, when the final architects' certificate was issued, and consequently the filing of the notice was within the time limitation of section 28, *supra*, and in this respect was a compliance with the statute.

It is next objected that the notice of lien filed with the Circuit Court is insufficient to support a claim for a lien because of a failure to name Paul J. Sorg as owner, and Campbell v. Jacobson, 145 Ill. 389, is cited as decisive of such contention. Campbell v. Jacobson, however, wholly differs upon the facts to the case of Shields and Cook. The contract in the Campbell case was made with the husband of the owner. Without any founda-

tion, as there decided, it was sought to subject the title of Mrs. Jacobson to the lien claimed in the notice of lien filed with the Circuit Court clerk to be against the husband. Whatever was said by the Supreme Court in the Campbell case concerning the necessity of naming the fee owner in the notice of lien filed with the clerk is clearly distinguishable from the facts and situation of these lien claimants, and, as apparent, inapplicable here.

The contract under which liens are claimed is not with the owner direct, and the liability of the fee title to the liens here claimed is not asserted upon that theory, but the lien is predicated upon the actions and conduct of Sorg, the fee owner, in becoming so interested in the building project with the Mecca Company as to subject his fee title to the liens under the building contracts made by the Mecca Company, and the Supreme Court in Crandall v. Sorg, *supra,* in effect held that Sorg, in virtue of his interest in the building, impliedly vested the Mecca Company with power to subject his fee title to a lien. It is by the terms of the contract between Sorg and Hullinger (afterwards assigned by Hullinger to the Mecca Company with Sorg's knowledge and consent) the interest of Sorg in the building enterprise is developed, and in construing which the Supreme Court held that his participation and interest in the projected improvements contemplated by that contract were of such a nature as subjected his title to building lien claims, and not as owner with whom the building contract was made, but as a party jointly interested with Hullinger in the building improvement to be placed upon the land.

It is quite plain that the Supreme Court in Crandall v. Sorg, *supra,* grounded its judgment as to the fee title being subject to the liens of the several mechanic lien claimants upon the doctrine of estoppel, and not upon the theory that Sorg was an owner with whom a contract was made within the meaning of section 1 of the Mechanic's Lien Act of 1887. Sorg was, in the circum-

stances created by the Hullinger contract, held to have invested the Mecca Company with power to subject the fee title to liens of this character, and this is made evident by a quotation in the court's opinion in Crandall v. Sorg, *supra,* from Lumber Co. v. Nelson, 71 Mo. App. 110, that "One of the stipulations in the lease from Nelson was that the lessees should expend $20,000 in making improvements upon the leased premises according to plans and specifications agreed to. These improvements were to become the property of the lessor at the termination of the lease. In this state of the evidence it may be truthfully said that the improvements on the Nelson lot, and the material necessary to make them, were made and furnished by his consent and for his benefit. He not only consented to them, but contracted with his lessees for them. The improvements were made and the material furnished under a contract authorized by him, *and he must be held to have subjected his title in his lot to the plaintiff's lien, if the lien is otherwise valid.*" This language is strikingly applicable to the contentions here, and we think conclusive. We therefore hold that the notice of mechanic's lien filed by Shields and Cook with the circuit clerk without naming Paul Sorg as owner, was not defective for that reason.

We do not wish to be understood as consenting to the claim made by appellees for Campbell v. Jacobson, *supra,* that in all circumstances the fee owner must be named in the notice of lien filed with the circuit clerk, as there is ample room, at least for doubt, as to its being so far reaching, and especially is this so in view of the cases of Paulsen v. Manske, 126 Ill. 72, Henderson v. Connelly, 123 Ill. 98, and the later case of Bastrup v. Prendergast, 179 Ill. 553; but whatever may be its real import it is apparent from the reasoning of this opinion that our conclusions are not reached on this point through an interpretation of the extent of the court's holding on this contention in Campbell v.

Jacobson, but are placed upon entirely different legal theories.

Again, it is insisted that Shields and Cook are not entitled to enforce their claim for a lien, because they did not assert the same by suit within two years after filing their claim for a lien with the clerk of the Circuit Court.

The original bill filed by Paul J. Sorg June 20, 1894, had for one of its objects the scouring of his fee title from the cloud cast upon it by the claim of right to a mechanic's lien made by Shields and Cook, among others, as shown by the records of the clerk of the Circuit Court where the notice of claim had been filed February 11, 1893, pursuant to statute. The purpose of the statute was to bring home to the owner of the land knowledge of the fact of such lien claim. This was successfully accomplished, as affirmatively demonstrated by the averments of the Sorg bill. To this bill Shields and Cook filed their answer February 8, 1895, denying Sorg's right to have his fee title freed from the lien claimed, and setting up fully the facts upon which such claim for a lien was founded, and asserting it against the fee title. On August 6, 1894, Albert H. Hettich, a defendant and lien claimant, filed his answer to the Sorg bill and also a cross-bill asserting his claim to a lien. On February 20, 1895, the answer of Shields and Cook to the Sorg bill was ordered to stand as an answer to the cross-bill of Hettich. This answer, as already appears, set up the facts relied upon by Shields and Cook to support their claim to a lien, and they asserted such claim in that pleading. This answer was filed within two years of the filing of the lien claim notice with the clerk of the Circuit Court, within which time the cross-bill of Hettich claiming a lien was also filed. But it is contended that no lien can be decreed defendants in the Sorg bill who did not assert such right and claim such lien by affirmative averments of a cross-petition. This assumption is erroneous, for the reason that proceedings in mechanic's lien cases are

not environed with the same strict formality, as to the pleadings, as other cases, either in law or equity, and while ordinarily affirmative relief cannot be obtained by a defendant in equity upon an answer except in the nature of a cross-bill, such rule is not applicable to this class of cases. The practice under the mechanic's lien statute has never required a co-claimant to file a, formal cross-petition, but it has been held sufficient to set up the claim by answer. In Thielman v. Carr, 75 Ill. 385, the court said, p. 380: "But where all persons in interest are made parties, either as petitioners or as defendants, and their interests are disclosed to the court, we see no necessity for cross-bills. The right is cast by the statute upon the parties, and when brought before the court they, like parties to a bill for an account, all became actors. When one lien holder has filed his petition to subject the property to the payment of his claim, *it is a proceeding to subject the property as a fund not only for the satisfaction of his own lien, but for all other liens enumerated in the statute. It from that time forward becomes a fund for distribution among the lien holders.* And the answer of all the defendants, whether brought in by service, or who intervene, are to be *regarded as claimants who are required to prove their claims against the fund.* * * * But in view of the statute a trial should be had, as though the pleadings were formal, on the answers of the defendants and the petitions of those who intervened, in the showing set out in their petition to be let in to assert their rights." Other cases hold to the doctrine as thus enunciated, and a keen search for a contrary ruling in this jurisdiction has met with failure.

· In Inter State Building Assoc. v. Ayers, 177 Ill. 9, being a mechanic's lien suit, the court said (on p. 22): "It is said Hafenrichter filed his cross-bill the day after the reference to the master, without leave of court, and that it should not be treated as included in the reference. A defendant who has answered requires

no leave to file a cross-bill, and it is not too late to file a cross-bill after a reference has been made. *But this cross-bill was wholly unnecessary and the decree does not depend upon it.* In each of his answers Hafenrichter set up his mortgage and averred it was a prior lien to all others. The cross-bill of plaintiff in error asked a sale of the property to pay its mortgage. It was indispensable to that relief that the court should establish the order of liens from the evidence and direct their payment in the order of their priority out of the proceeds of the sale.   *   *   *   As the proofs stand Hafenrichter must have been paid first out of the proceeds of a sale under the Association's cross-bill, *even if he* had filed no cross-bill."

This court held in Fergus v. Chicago Sash & Door Co., 64 Ill. App. 364, in which case a claim was set up in the answer to a mechanic's lien, that no cross-petition was necessary, that if the answering defendant was entitled to a lien he could have it under his answer. Consequently if under the answer of Shields and Cook, and the proofs heard in its support, the right to a lien, as claimed in the answer, is established, they are entitled to have that lien awarded them by decree in this proceeding without the interposition of a cross-petition. The refusal of the court to allow a further amendment to the answer of Shields and Cook asking for affirmative relief on their claim for a lien was without error, as for reasons already appearing in the then condition of the pleadings such an amendment was unnecessary and would have been unavailing to invoke any right, or afford any relief, beyond that to which they were entitled under the existing answer.

The foregoing disposes of most of the preliminary questions involved in this case and cases Nos. 12,589 and 12,612 heard on the same record and abstracts.

The question now remaining to be disposed of in this appeal of Shields and Cook, is whether under the answer and the evidence tendered in its support, so far as shown by this record, appellants have. main-

tained their claim to a mechanic's lien under the statutes of this state.

In the view we take of this case our determination upon the merits of the claim is unnecessary, and we shall limit our further investigation and decision to a consideration of the pleadings and the involved facts as to the correctness or not of the chancellor's conclusion that appellants are not entitled to a lien under the answer.

These appellants were general contractors under a contract with the Mecca Company dated September 8, 1891, for the construction of the "Mecca Building" at State and Thirty-fourth streets, Chicago, for the gross sum of $420,000. On February 11, 1893, Shields and Cook—having, as they contend, completed and delivered possession of the building August 23, 1892,—filed with the clerk of the Circuit Court their claim to a mechanic's lien to the amount of $144,355.38, of which amount $46,178.40 was claimed for extra work and materials. This was within four months of the time when final payment became due, as evidenced by the final certificate issued October 11, 1892, and in this regard the statutory requirement was fulfilled. As to whether or not this statement of claim and its accompanying verification was a sufficient compliance with the statute, is of the essence of appellants' right to maintain their lien claim.

It is elementary doctrine, as applied to remedies given by statutes which are in derogation of the common law, which chapter 82 *supra* is—Hayes v. Hammond, 162 Ill. 135—that the statutory requirements must be satisfied before the privileges so granted can be availed of. It is therefore incumbent upon Shields and Cook, before they can successfully invoke the aid of the statute, to set forth in their pleading such affirmative facts which, if undisputed, would entitle them to a lien. This is essential and cannot be dispensed with. The burden rests upon them, from which the court is impotent to relieve them. The statement

of lien filed with the circuit clerk is a part of the answer as amended, made so by apt averment and by being attached thereto as an exhibit.

In Campbell v. Jacobson, *supra,* it was expressly held that a mechanic's lien does not exist and is not enforcible by common right, but is purely a statutory lien; that it can only be maintained upon the conditions which the statute imposes. The requirement of the statute that a statement of a particular character must be filed in the office of the clerk of the Circuit Court must be substantially complied with, without which no lien can be enforced.

Our judgment, therefore, is required to settle the contention as to whether or not the verified statement of claim, with the affidavit attached, substantially meets these statutory prerequisites.

In the statement filed as to work done under the contract, but one date appears, viz.: October 11, 1892, against which is written the following: "To amount of contract price for labor and materials for 'The Mecca,' erected on south 2 acres, etc., $420,000"—no statement as to when the work was done or labor or materials furnished. The affidavit filed with this statement is equally silent as to the time when the work was done and the labor and materials furnished. The only other dates appearing upon the notice are the dates between which payments on account of the contract price were made.

The provision of section 4 of the Lien Act of 1887, that the claim for the lien filed with the circuit clerk shall truly set forth "the times when such material was furnished or labor performed" is mandatory. May v. General Eng. Co., 180 Ill. 535, affirming the judgment of this court in 76 Ill. App. 380.

Section 4, above referred to, and section 28 of the same Act, which provides that "No creditor shall be allowed to enforce a lien created under the provisions of this Act as against or to the prejudice of any other creditor or encumbrancer or purchaser unless a claim

for a lien shall have been filed with the clerk of the Circuit Court, as provided in section 4 of this Act,' are to be construed together, and in order that a contractor may enforce a lien under it he must set forth in his statement the time when the material was furnished and labor performed. National Home Bldg. Loan Assocn. v. McAllister, 64 Ill. App. 143.

In McDonald v. Rosengartzen, 134 Ill. 126, the court said: ''The purpose of requiring the claim to set forth 'the times when such material was furnished or labor performed' is, obviously, to enable those interested to know from the claim itself that it is such as can be enforced, and the verification by affidavit is required as a guaranty of the claim in this as in other respects and all this is by section 28 indispensable to the enforcement of the lien against creditors and encumbrancers.'' This language has much force here, where there are both creditors and encumbrancers seeking to enforce their several liens.

Moore v. Parish, 163 Ill. 98, is authority for holding that where the entire job constituted but a single item, the statement of lien filed with the circuit clerk must show the period during which the contract was executed. The statement of Shields and Cook utterly fails to meet these essential and indispensable requirements. Neither does it conform to the rule laid down in Kendall v. Fader, 199 Ill. 294, that where the work is done under an entire contract, as in the case of these appellants, the statement must show that the work was commenced upon the execution of the contract and completed at a certain and specified date. The notice is silent as to the date when the work was commenced under the contract, as well as the date when it was completed. It is evident that the notice of lien filed with the circuit clerk as to the main claim lacks material and essential elements which bar appellants from invoking the relief intended to be granted to lien claimants complying substantially with the provisions of the Lien Act, made, as the Supreme Court has said in

Hayes v. Hammond, *supra,* "to promote and preserve industrial interests."

The notice of appellants' claim for extra work and material filed with the circuit clerk is not subject to the same infirmity which we have pointed out exists as to the main claim. The notice in this regard is a sufficient adherence to the direction of section 4 of the Lien Act of 1887, the time when the labor and materials were furnished being set forth between two dates, viz: "from January 1, 1892, to October 11, 1892."

In Hayes v. Hammond, *supra,* the contract, as in this case, was entire, and extra work furnished in pursüance of its terms. As in the case of these applicants, while the contract was being performed, sundry extra work and material were furnished. The notice showed that such extras were furnished between July 2, 1892, and September 7, 1892, and this was held sufficient. In this case the court held the statement of the claim was very full and "contained all the requirements of the law." Grace v. Oakland Bldg. Assoc., 166 Ill. 637.

But while the notice of lien in regard to dates is sufficient, it is wholly lacking in meeting the demands of the statute which requires each item of labor and material, its nature and kind, together with the amount of material, to be set forth. Not one item, in this claim for extras, totalling the sum of $50,237.95, gives any conceivable information as to time, labor or material, kind, quality or description from which any intelligent judgment could be formed as to what was in fact done or furnished. What information as to work, labor or material is imparted by such items as,

"Actual cost of cafe to us...............$19,868.48
Concealing steam pipes................    500.
Extra  plumbers  bill  1719.   31-12½  per
       cent. 214.91 .....................   1,934.22
Extra  projections  on  cornice,  1100  ft. at
       $1.50 .......................      1,650."

What can be gathered from such unintelligible items as to what material or how much labor entered into

the construction set forth in such items for extras? The remainder of these items for extras are equally unintelligible, and lend no light by which the work actually done and materials furnished may be measured.

Crandall v. Lyon, 188 Ill. 86, in which case it was said, "The statement of account or demand to be filed with the clerk in order to meet the requirements of the statute and entitle the appellant to a lien, *is a list or statement in detail of each item of labor or material* showing the *nature* and *kind* of work done and the kind and amount of material, together with the respective dates at which the labor was performed or material furnished. Where a lien is sought on an account, such /as the appellant here had, it must appear affirmatively from the face of the notice of the claim registered with the clerk that each different item of the account is that for which the statute grants the lien, and that in point of time a lien may be claimed thereon. Such a notice is a prerequisite to the right of the appellant to a lien under the statute."

This language is forcibly applicable to the notice of .appellants' claim, which falls far short of conforming to any of its necessary requirements. The notice of . claim as to extras is fatally deficient, and no claim for a statutory lien can be predicated upon it. Orr v. Needham, 169 Ill. 100; Buckely v. Commercial Nat'l Bk., 171 Ill. 284; May v. General Eng. Co., *supra.*

The submission of the claim of appellants to arbitration, it is insisted, waives the right to a lien. We do not think it necessary to discuss this contention, in view of the fact that the reasons already assigned effectually dispose of appellants' claim. However, it may be added that the fact that the award of arbitration was set aside and annulled would not detract from the legal effect of the fact of the submission of the claim to arbitration. It was held in New York Lumber Co. v. Schnieder, 119 N. Y. 475, in a proceding under the

New York Code to "foreclose a mechanic's lien," that the award of arbitration was a bar to that action.

The decree of the Circuit Court is affirmed.

*Affirmed.*